HENRY L. JAQUES & others *vs.* JAMES GOULD & another.

Where the rent in a lease for years is reserved generally, without being made payable to any particular person, and is covenanted to be paid quarterly during the term, the lease does not terminate on the death of the lessor; but the rent is payable afterwards to his heirs at law, if he dies intestate, who may maintain an action of debt on the lease to recover the same.

If a lease for years, which terminates by the death of the lessor, contains a cove-
nant, on the part of the lessee, to pay the rent reserved, and for such further time
as he may hold the premises, and he holds over after the death of the lessor,
he will be liable to pay the rent subsequently accruing, in the same manner as if
the lease did not terminate on the lessor's death.

When a lessee for years covenants to deliver up the premises, at the end of the
term, to the lessor, in as good order and condition as the same then are or may
be put into by the lessor ; whatever repairs are necessary to keep the premises in
such condition and order, must be made by the lessee.

It appeared by an agreed statement of facts upon which
this case was submitted to the court, that on the 23d of
August, 1845, Henry Jaques, by an instrument in writing,
purporting to be an indenture, signed by the parties thereto,
but not sealed, demised and let to James Gould and John
W. Mulliken, a certain wharf estate in Charlestown, known
as Devens's wharf, with the stores and buildings thereon,
dock rights, railroad tracks, and all privileges to the same
belonging.

The lease contained the following clause : —

" To hold for the term of three years from the 1st of De-
cember, A. D. 1845, yielding and paying therefor the rent of
three thousand dollars per annum. And the said lessees do
promise to pay the said rent in quarter yearly payments of
seven hundred and fifty dollars on the first day of March,
June, September and December, in each year, the first pay-
ment to be made on or before the first day of March, A. D.
1846 ; and to quit and deliver up the premises to the lessor,
or his attorney, peaceably and quietly, at the end of the term,
in as good order and condition, reasonable use and wearing
thereof, fire and other unavoidable casualties excepted, as the
same now are, or may be put into by the said lessor ; and to
pay the rent as above stated, and for such further time, as
the lessees may hold the same, and not to make or suffer any
waste thereof ; nor make, or suffer to be made, any alterations
therein, but with the approbation of the lessor thereto in
writing having been first obtained ; and that the lessor may
enter to view, and make improvements, and to expel the les-
sees if they shall fail to pay the rent as aforesaid, or make
and suffer any strip or waste thereof."

The lessor, Henry Jaques, on the 19th of July, 1846, died

intestate, seized of the premises leased, leaving the plaintiffs his heirs at law ; by whom this action, which was debt, was brought on the instrument above stated, for two quarters' rent from March 1st to September 1st, 1847, deducting therefrom the sum of $500 which had been previously paid on account of the same.

It was agreed, that if upon these facts the court should be of opinion that the plaintiffs were not entitled to recover, a nonsuit should be entered; otherwise judgment was to be entered for the plaintiffs, for the balance of the rent sued for with interest ; unless it was competent for the defendants, in reduction of the rent claimed, to introduce evidence of any of the following facts, namely : That the wharf was decayed and weak, and consequently insufficient for the support of such articles as are usually landed on wharves ; that articles placed thereon have broken through, subjecting the defendants to the payment of damages ; that the wharf and buildings thereon became out of repair, so as to require substantial, lasting and general repairs, which the plaintiffs had due notice of, and were requested to make, but neglected so to do, to the great damage of the defendants ; and that the dock was in part unfit for use, in consequence of a large rock, on which vessels were in danger of striking, and on which one vessel did strike, whereby the defendants were subjected to the payment of damages. If these facts, or any of them, were admissible in evidence, the case was to be submitted to a jury.

*G. W. Warren,* for the plaintiffs.

*J. A. Andrew,* for the defendants.

WILDE, J. This is an action of debt for rent reserved on a lease of real estate for the term of three years. Before the expiration of the term the lessor died, and this action is brought by his heirs against the lessees. The question to be decided is, whether the lease terminated on the death of the lessor, or still continued, the rent passing thereupon to his heirs.

The clause in the lease on which the question depends is as follows : " To hold the same [premises] for the term of three years from the first day of December, 1845, yielding and

paying therefor the rent of $3000 per annum.    And the said lessees do promise to pay the said rent in quarter yearly payments of $750, on the first day of March, June, September and December in each year; the first payment to be made on or before the first day of March, 1846, and to quit and deliver up the premises to the lessor or his attorney, peaceably and quietly at the end of the term."

The counsel for the plaintiffs contend, that this clause in the lease is to be construed according to the rule of construction laid down by lord Coke, (Co. Lit. 47) : " If the lessor," it is said, " reserve the rent to himself, it shall determine by his death, if he die within the term ; but if he reserves the rent generally, without showing to whom it shall go, it shall go to his heirs."    The same rule of construction is laid down in Plow. 171, where it is said, " If rent be reserved generally, without saying to whom, the law will make the distribution." So in *Whitlock's Case*, 8 Co. 69, 71, it was agreed, that the most clear and sure way to secure rent was, to reserve rent during the term, and leave the law to make the distribution.    And this distinction, as to the reservation of rent, is admitted in many other cases.    *Sacheverell* v. *Froggatt*, 2 Saund. 367; *Cother* v. *Merrick*, Hard. 89; *Sury* v. *Brown*, Latch, 99, 101.

This rule of construction is decisive in the present case. The rent, by the terms of the lease, is reserved generally, and is not made payable to any particular person ; and it is expressly agreed to be paid quarter yearly during the whole term of three years, which clearly shows that it was not the intention of the parties, that the lease should terminate on the death of the lessor ; and so it appears also from the facts agreed ; for the lessees continued to occupy the demised premises after the death of the lessor, and have paid a part of the rent which accrued after that time.    Nor does the lessee's agreement to deliver up the premises to the lessor or his attorney, peaceably and quietly, at the end of the term, indicate any different intention ; the end of the term in that clause of the agreement must have been understood to refer to the end of the three years; otherwise it would be incon-

sistent with the other part of the agreement immediately preceding it.

There is another ground upon which the plaintiffs would be entitled to the rent in arrear, although the term did terminate on the death of the lessor. By a subsequent clause in the lease, the defendants agreed to pay the rent as above stated, and for such further time as they might hold the same. If, then, the defendants continued to hold over after the death of the lessor, as must be inferred from the facts agreed, although it is not expressly so stated, it is immaterial whether the term terminated at the end of three years, or on the death of the lessor.

Another question is raised by the statement of facts, namely, whether the plaintiffs were bound by the lease to make any repairs during the term. But as this question has not been argued by counsel, we presume it was intended to be waived; if not, however, we are of opinion, that by the terms of the lease, the lessees were bound to make all repairs during the term; for they expressly agreed to deliver up the premises at the end of the term, in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties, excepted, as the same then were or might be put into by the lessor. Whatever repairs, therefore, might be necessary to keep the premises in as good repair and condition as they were in when the defendants took possession, except as above excepted, they, and not the lessor, or the plaintiffs, were bound to make.

*Judgment for the plaintiffs.*