WISEMAN *v.* MACY *et al.*

ESTOPPEL.—Where a guardian, who is also the mother of her ward, and owns a dower interest in the ward's real estate, applies for the sale of her ward's real estate, describing it as the entire title, and says nothing in any of her proceedings of her own interest, and an order is made for its sale in that way, and she makes the sale and completes the proceeding without giving any notice or intimation of her interest, she will be forever estopped to claim any such interest.

APPEAL from the *Marion* Circuit Court.

DAVISON, J.—The complaint in this case contains two counts. The first raises no question for our consideration. The second alleges these facts:

*Barbara Wiseman*, who was the plaintiff, is the widow of *Jacob Wiseman*, who died intestate, in the year 1851. At his death he was seized in fee of the undivided half of lot No. 6, in square No. 63, in the city of *Indianapolis*. Surviving him he left a daughter, *Margaret Wiseman*, who is his only heir at law. The plaintiff was regularly appointed guardian of the person and estate of *Margaret Wiseman*, who is also her daughter. As such guardian, she, the plaintiff, in pursuance of an order of the Probate Court of *Marion* county, sold all

the title and interest of her ward in the described lot, to the *Lawrenceburg and Upper Mississippi Railroad Company*, which company afterwards sold and conveyed the same property to *David Macy* and others, who were the defendants. Plaintiff avers that she is entitled to dower of and in the premises thus sold and conveyed, and she prays that, for the assignment to her of such dower, commissioners be appointed, &c. To this the defendants answered, that in the year 1852, the plaintiff then being the guardian of *Margaret Wiseman*, filed her petition in said Probate Court, alleging, *inter alia*, that *Margaret* was an infant, and, as heir of *Jacob Wiseman*, deceased, was the owner in fee of the undivided half of said lot, and for reasons therein set forth, she the guardian, prayed a sale thereof; that the Court, upon the filing of the petition appointed appraisers, who having been sworn, &c., appraised the said undivided half at 4000 dollars, as its cash value, and the appraisement thus made having been returned, &c., the Court ordered that *Barbara Wiseman*, as guardian, &c., be authorized to sell the property, appraised as aforesaid, at private sale; that the guardian afterwards, on the 18th of *August*, 1852, reported to the Court, among other things, that she had sold the property to the *Lawrenceburg and Upper Mississippi Railroad Company*, for 5000 dollars, and had received payment in full, &c. Whereupon the Court ordered the appointment of a commissioner to convey the premises, so sold as aforesaid, to the purchaser.

It is averred that by these proceedings the plaintiff caused to be sold and conveyed all the right, title, interest and estate in the described property; that the appraisers appraised the entire property; that the purchaser bought the whole of it; and that said purchaser, at the time of the sale, and the payment of the purchase money, had no notice or knowledge whatever, of any claim of the plaintiff for dower or other-

wise. Plaintiff demurred to the answer; but her demurrer was overruled and she excepted.

Was this exception well taken? In looking into the proceedings of the Probate Court, it will at once be seen that the property was sold by the plaintiff, as guardian, unconditionally, without reference to any claim of dower, and as the absolute property of the ward. And further, it is expressly averred in the pleading, and conceded by the demurrer, that the railroad company, when they purchased and paid for the property, were ignorant of the plaintiff's claim. Now these facts being true, the plaintiff has no right to recover, because it must be presumed that she was apprised of her rights, and having herself made the sale without any reservation as to her dower interest, she is in point of law, estopped from setting it up against the title and interest which she sold and caused to be conveyed. 1 Story Eq. Jur., sec. 185, 6 Ind. 289; 19 *id.* 347.

In *Dougray* v. *Topping*, 4 Paige 94, "an administratrix sold real estate of the decedent under a Surrogate's order, in which estate she was entitled to dower, and in the terms of sale it was stated that a clear and satisfactory title would be given, and the purchaser paid the full value of the premises, under a belief that he was obtaining a perfect title. *Held,* That the silence of the administratrix, as to her claim of dower, was such a fraud upon the purchaser as to preclude her from afterwards setting up such claim against him or his assigns." The principle involved in this decision very plainly applies to the case at bar, and is an authority in support of the ruling before us. We are of opinion that the answer was a valid defence, and consequently the demurrer was properly overruled.

*Per Curiam.*—The judgment is affirmed, with costs.

*John A. Beal,* for the appellant.

*Thos. A. Hendricks* and *Oscar B. Hord,* for the appellees.