No. 13,253.

## WULSCHNER v. WARD.

SALE.—*Subsequent Agreement to Rescind.*—*Statute of Frauds.*—Where an un-conditional sale of personal property of more than fifty dollars in value has been entirely consummated, an oral contract for its rescission stands upon the footing of a new and independent contract, is within the stat-ute of frauds, and not binding; but where the sale is upon a condition, and some material thing remains to be done before the transaction is complete, an oral agreement for rescission is merely incidental to the original contract, and is binding.

SAME.—Where a piano is sold upon the condition that the purchaser shall have time within which to test it, and that, if it is not as warranted, an-other will be furnished in its place, a subsequent oral agreement to sur-render to the purchaser notes given by him for the purchase-price, if he will return the property, is binding, and entitles the latter to a rescission of the sale, if he promptly complies with the agreement on his part.

From the Marion Superior Court.

*A. P. Stanton* and *J. E. Scott,* for appellant.

*D. V. Burns,* for appellee.

NIBLACK, C. J.—Complaint in two paragraphs by Albert O. Ward against Emil Wulschner for the rescission of a con-tract for the sale of a piano, and for damages.

The first paragraph charged that the plaintiff was induced to purchase a piano from the defendant by representations that it was sound in every particular, perfect in tone, and free from blemishes and defects of every kind, upon which he re-lied, but that said representations were false, as the defendant well knew at the time they were made; that after discovering certain defects in the piano, which such false representations gave assurance did not exist, it was agreed between the par-ties that if the plaintiff would return the piano to the de-fendant, at his place of business, he, the defendant, would rescind the contract of sale, and would refund the purchase-price paid therefor; that, in pursuance of such agreement,

the plaintiff returned the piano to the defendant, who refused to receive the same.

The second paragraph was substantially the same as the first, except that it contained no averment of an agreement to rescind the contract and take back the piano.

The defendant answered :

*First.* In general denial.

*Secondly.* That the piano was sold under a contract of express warranty, coupled with an agreement that if it should not meet all the stipulated requirements, it might be exchanged for another piano which would do so, and that a tender of exchange had been made before the bringing of the suit, averring a continuing readiness to make the exchange.

Reply in denial.

In response to certain questions submitted to them for the information of the court at special term, a jury made a finding of some material facts. The court also made a special finding of some additional facts adjudged to have been established by the evidence. When grouped together these facts were, briefly stated, as follows: That the piano furnished to the plaintiff did not fulfil the conditions of warranty, or of representations made in regard to it; that the piano sent to the plaintiff was inferior to the one contracted for, and not of the character it was warranted to be ; that the defendant orally agreed with one Steep, the plaintiff's agent, that if he, the plaintiff, would return the piano to him, free of cost, he would surrender to the plaintiff the notes given for it; that the piano was sold to the plaintiff on or about the 28th day of May, 1885, for the sum of $300; that in payment the plaintiff executed to the defendant his six promissory notes, in the sum of fifty dollars each, payable at a bank of deposit and discount in the city of Indianapolis and at the following times; September 15th, 1885, December 1st, 1885, March 1st, 1886, June 1st, 1886, September 1st, 1886, and December 1st, 1886; that thereafter the defendant had the two notes first falling due discounted at said bank before

Wulschner *v.* Ward.

maturity, by reason of which the plaintiff was compelled to pay the same, which together amounted to the sum of $101.75; that the remaining notes had been brought into court to abide its order in relation thereto; that the defendant warranted the piano to be thoroughly made and of the best materials; that, as a part of the contract of sale, the defendant stipulated that if the piano did not prove to be as warranted, it might be returned to him, and that he would then furnish in its place another piano of the same grade, price and manufacture, which would respond to all the requirements which had been agreed upon; that the defendant did, before the commencement of this suit, offer to receive back the piano so sold by him, and to deliver to the plaintiff any other piano of the same grade, price and manufacture; that the defendant, also, before this suit was commenced, offered to exchange the piano for a better one if the plaintiff would pay the sum of $30 as a difference between them; that the plaintiff lived at Southport, seven miles from the city of Indianapolis; that, in pursuance of his agreement with the defendant for the return of the piano and the surrender of his notes, as stated, the plaintiff did return that instrument to him, the defendant, by sending it to him to the city of Indianapolis, at an expense to himself of six dollars, and there making a full and unconditional tender of the same to him; that the defendant, nevertheless, refused to receive the piano as he had agreed to do; that the agreement for the return of the piano and the rescission of the contract for its sale, was the last agreement made between the parties concerning the piano; that the parties did not enter into any written contract in regard to the sale, exchange or return of the piano.

Upon the facts as thus found, the court below, at special term, came to the conclusion that the plaintiff was entitled to recover from the defendant the sum of $102.43, and to an order for the return of his notes remaining unpaid. Over

exceptions properly reserved, judgment was given accord-ingly, and that judgment was affirmed at general term.

Wulschner, further appealing to this court, first makes the point that it was inferentially shown by the facts as specially found, that the piano was sold upon an express warranty, and that hence, however flagrant the breach of the warranty may have been, Ward did not thereby become entitled to a rescission of the contract of sale, citing *Marsh* v. *Low*, 55 Ind. 271, and *Hoover* v. *Sidener*, 98 Ind. 290. These cases hold, and we assume correctly, that where property is un-conditionally sold, with a warranty superadded, the pur-chaser, in the absence of fraud, does not become entitled as of right to a rescission of the sale on account of a breach of the warranty; that the remedy in such a case is either an action for a breach of the warranty, or by way of recoup-ment or a counter-claim. We do not infer, however, from the facts expressly found, that the piano was sold upon a war-ranty alone, but rather that the sale was upon a warranty, as well as certain representations concerning its quality and general condition. But whatever the real facts in that re-spect may have been, we regard the question of the validity or non-validity of the agreement for a rescission of the con-tract of sale as being the controlling question in the cause.

On Wulschner's behalf, it is insisted that the contract for the sale of the piano became an executed contract before the agreement for the rescission of the sale was made, and that, consequently, the agreement to rescind constituted an inde-pendent contract, amounting in fact to an agreement for the resale of the piano; that, as the piano was of a value greater than fifty dollars, the agreement was within the statute of frauds, and, consequently, void.

The question as to when a contract of sale may, and as to when it may not, be rescinded by a parol agreement, has at various times elicited a good deal of discussion, and is one concerning which careful discriminations ought to be ob-served.

The following propositions are, as we believe, fairly deducible from the authorities: Where an unconditional sale has been so entirely consummated that nothing further remains to be done, a contract for its rescission stands upon the footing of a new and independent contract, and hence is not a binding contract when it falls within the statute of frauds, that is to say, when such a contract is required to be in writing, and is not; but that where the sale has some condition or contingent agreement connected with it, or some material thing remains to be done before the transaction is complete, an oral agreement for its rescission is binding, provided the agreement is clear and distinct, and provided further, that the party seeking a rescission promptly complies with the agreement on his part. This is upon the principle that an agreement to undo a contract, which to some extent still remains open or incomplete, is an agreement merely incidental and subordinate to the original contract, and hence one which requires no new consideration to support it and to which the statute of frauds does not so readily apply as to the original contract. Bishop Contracts, section 1241; 2 Reed Statute of Frauds, section 461; *Guthrie* v. *Thompson*, 1 Oregon, 353; *Arrington* v. *Porter*, 47 Ala. 714; Benjamin Sales (Bennett's Ed.), 660.

The propositions thus believed to be deducible from the authorities are not in conflict with the case of *Chapman* v. *Searle*, 3 Pick. 38, cited on Wulschner's behalf, but are impliedly supported by it. In that case, the parol agreement to rescind the sale was held to be not obligatory, because no effort was made to enforce it until after the rights of third parties had intervened, and the non-validity of the agreement was placed upon that ground alone.

In the case before us, the sale was upon a condition, in the first instance, and time was given within which the piano might be tested. The sale, too, was upon credit and the purchase-money had not been fully paid. The right to exchange the piano, which had been conditionally reserved to

Ward, had been, by a subsequent agreement, so modified as to confer upon him the absolute right to have the sale rescinded. This subsequent agreement had, on Ward's part, been fully complied with. He had, therefore, become entitled to a rescission of the sale.

The statute of frauds does not apply to a case in which a parol contract has been so far complied with on the one side as to cause a non-compliance on the other side to operate as a fraud on the party complying. 7 Wait Actions and Defences, 12; *Burnett* v. *Blackmar,* 43 Ga. 569; *Cook* v. *Churchman,* 104 Ind. 141.

The judgment is affirmed, with costs.

