## POWELL v. JONES.

[No. 7,666. Filed May 28, 1912.]

1. LANDLORD AND TENANT.—*Liability for Rent.—Surrender of Lease.*—To relieve a lessee from liability for rent during the term of a lease, it must appear that there was either an express surrender of the lease by agreement between the parties that it should cease to be binding, or that a surrender was created by operation of law. p. 496.

2. LANDLORD AND TENANT.—*Lease,—Surrender.—Consideration.*— *An express surrender of a lease is usually required to be in writing, and must be supported by a consideration. p. 496.

3. LANDLORD AND TENANT.—*Lease.—Surrender by Operation of Law.*—A surrender of a lease arises by operation of law on the doing of some act by the parties that is so inconsistent with the subsisting relation of landlord and tenant as to imply that they have both agreed to consider the surrender as made. p. 496.

4. LANDLORD AND TENANT.—*Liability for Rent.—Privity of Contract.—Privity of Estate.*—The liability for the payment of rent may be created either by privity of contract or by privity of estate. p. 497.

5. LANDLORD AND TENANT.—*Liability by Privity of Estate.—Surrender.*—Where the liability of a tenant results from privity of estate, and this privity is broken by the tenant's assignment of the lease with the consent of the landlord and the latter's acceptance of rent from the assignee, a surrender arises by operation of law. p. 497.

6. LANDLORD AND TENANT.—*Liability for Rent.—Privity of Contract.—Assignment of Lease.*—Where the liability for payment of rent arises by privity of contract, the acceptance of rent by the lessor from an assignee or sublessee, and a mere agreement to receive him as tenant, merely indicates that the privity of estate is ended and does not relieve the lessee from liability for rent, unless it further appears that such assignee or sub-lessee

was substituted in the place of the original lessee with intent of the parties to the demise to annul its obligations.    p. 498.

7.  LANDLORD AND TENANT.—*Liability for Rent.—Release of Lessee.—Evidence.—Sufficiency.*—In an action against the original lessee for rent, evidence showing that defendant never personally took possession of the premises, but formed a partnership before the beginning of the term and told the lessor that the firm would take possession of the premises, that lessor said it was all right and gave the firm leave to take possession and received the rent from the firm until her death, that thereafter her executors received the rent, that on defendant's retirement from the firm he notified the executors of that fact and that the premises were in the possession of a new firm, that one of the executors said it was all right and never demanded rent of defendant, but was received from the new firm, was not sufficient to show an intention on the part of the lessor, or her successors under the lease, to discharge defendant from his obligations under the instrument and to substitute in his stead any of the various tenants from whom rent was collected.    p. 499.

8.  LANDLORD AND TENANT.—*Liability for Rent.—Sub-lessee.*—An agreement between a lessee and his sub-lessee as to the payment of rent is enforceable only by the lessee and does not create a privity of contract between such sub-lessee and the lessor.    p. 499.

9.  LANDLORD AND TENANT.—*Liability for Rent.—Tenant Never in Possession.*—A tenant under an agreement which is absolute to pay rent is not relieved from his liability by the fact that he has never personally taken possession of the premises if he was not prevented from so doing by the lessor.    p. 499.

10.  LANDLORD AND TENANT.—*Conveyance of Leased Premises.—Rents.—Rights of Grantee.*—Where leased premises are sold and conveyed, future rents under the existing lease are due and payable to the grantee in the absence of a stipulation to the contrary.    p. 500.

11.  LANDLORD AND TENANT.—*Lease.—Termination.—Death of Lessor.*—Where the covenant in a lease for the payment of rent is general, without being made payable to any particular person, the lease does not terminate on the death of the lessor.    p. 501.

12.  LANDLORD AND TENANT.—*Death of Lessor.—Sale of Lease.—Action for Rent.—Evidence.—Admissibility of Executors' Report of Sale.*—Where, on the death of a lessor, the lessor's interest in a lease of her premises was sold by executors of her will, the report of such executors showing such sale and the action of the court in approving the same, was competent evidence in an action by the purchaser against the lessee for the recovery of rent due.    p. 501.

From Boone Circuit Court; *Willett A. Parr,* Judge.

Action by William L. Powell against Mark D. Jones. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*B. F. Ratcliff*, for appellant.

*Terhune & Adney*, for appellee.

FELT, J.—Appellant brought this action to collect rents on certain real estate from December 1, 1908, to July 15, 1909. The cause was tried by the court, and from a finding and judgment in favor of appellee this appeal is taken. The only error assigned is that the court erred in overruling appellant's motion for a new trial.

On February 12, 1906, appellee and Mary T. Snow entered into a written lease of certain premises owned by the latter. The term of the lease was for three years from October 21, 1906, with the privilege of five years, for the sum of $50 per month. Said Mary T. Snow died, testate, on February 14, 1908, and was, at the time of her death, the owner of the leased premises. By the terms of her will, the executors thereof were directed to sell all the real estate of which she died seized, and in July, 1908, they sold the leased premises in question to appellant. After the execution of the lease, and before October 21, 1906, the date it took effect, appellee formed a partnership with one Schooler, and the firm of Jones & Schooler occupied said premises for more than a year thereafter, and paid the rent to decedent up to the time of her death, and to one of her executors for the month of February, 1908. About March 1, 1908, appellee retired from the partnership, and the firm of Schooler & Nelson succeeded to the business in said leased premises. In October, 1908, said Schooler succeeded to all the interests of the firm of Schooler & Nelson, and soon afterwards sold the business to one Campbell, who vacated the premises early in December, 1908. Appellee never made any formal assignment of his lease, and the first question presented by appellant's motion for a new trial is the sufficiency of the evi-

dence to sustain the decision of the court that there was a valid surrender of the lease by appellee, and such an acceptance by Mrs. Snow of other tenants as to release appellee from liability for the rents accruing thereunder.

The evidence admitted on the trial tends to show that appellee never personally took possession of the premises under said lease, but formed a partnership with Schooler before his term was to begin under the lease, and notified Mrs. Snow of the fact, and told her that the firm was to take possession of the property; that she said it was all right, and gave the firm leave to take possession of the premises; that she received the rent from said firm until her death, and her executors received the same for one month thereafter; that when appellee retired from the firm he notified one of said executors of that fact, and that possession of the property had been delivered to Schooler & Nelson; that Mr. Ratcliff, one of the executors, said it was all right; that no demand for the rent was made on appellee until December, 1908, but that after the dissolution of the firm of Jones & Schooler, the rent was paid by its successors to said executors until the property was sold to appellant on July 15, 1908, and was then paid to appellant until December, 1908.

To relieve appellee from liability for rent during the term of the lease, it must appear that there was a surrender of said lease, a mutual agreement between the parties that it should cease to be binding on them. Such a surrender may be either (1) express, or (2) be created by operation of law. An express surrender is usually required to be in writing, and must be supported by a consideration. 24 Cyc. 1366.

There is no evidence in this case of an express surrender. A surrender arises by operation of law "when the parties to a lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have both agreed to consider the surrender as

made.'' 24 Cyc. 1367. See, also, *Rees* v. *Lowy* (1894), 57 Minn. 381, 383, 59 N. W. 310; *Levitt* v. *Zindler* (1910), 121 N. Y. Supp. 483, 136 App. Div. 695; *Home Coupon Exch. Co.* v. *Goldfarb* (1909), 78 N. J. L. 146, 74 Atl. 143; *Churchill* v. *Lammers* (1895), 60 Mo. App. 244, 248.

The law applicable to cases involving the payment of rent is thus stated in *Jones* v. *Barnes* (1891), 45 Mo. App. 590, 592: ''It is undoubtedly the law that a party's obligation to pay rent may rest separately on either of two reasons, one by privity of contract and the other by privity of estate. In either case there may be a surrender; but I take it, that much less will constitute a surrender in the case of privity of estate than will suffice in the case of privity of contract. * * * Where a tenant is not under express covenant to pay rent to his landlord, and is only liable by reason of his use and occupation, such liability results from privity of estate, and if this is broken by his assignment of the lease with the consent of the landlord and acceptance of rent from the assignee, it is a surrender by operation of law. The original tenant is no longer liable for rent, as the only basis of his liability (privity of estate) has been voluntarily destroyed, and this is true regardless of the intention of the landlord to discharge the liability, as, to repeat again, he has intentionally destroyed the only thing which created the liability. But, when there is an express covenant to pay the rent, the mere breaking of the privity of the estate will not release the lessee. 'There must be an assent of the landlord to the assignment and the acceptance of the subtenant by the landlord with the intent to substitute him in the place of the original lessee.' Wood, Landlord and Tenant 847; *Smith* v. *Niver* [1848], 2 Barb. 180. By merely collecting rent from the assignee or sublessee, the landlord does not discharge the original lessee who is bound by an express promise. He is only receiving from the sublessee that which has

accrued to him by the privity of estate and what he had a legal right to claim.''

In the absence of a stipulation releasing a lessee who has assigned his lease, or sublet the property from liability for rent, acceptance of rent by the lessor from the as-
6. signee or sublessee, and a mere agreement to receive him as tenant, does not relieve the lessee from such liability. This merely indicates that the privity of estate is ended. *Jordan* v. *Indianapolis Water Co.* (1902), 159 Ind. 337, 350, 64 N. E. 680; *Heller* v. *Dailey* (1902), 28 Ind. App. 555, 567, 63 N. E. 490; *Lovejoy* v. *McCarty* (1896), 94 Wis. 341, 68 N. W. 1003; *Whetstone* v. *McCartney* (1888), 32 Mo. App. 430, 434; *Rees* v. *Lowy, supra; Barnes* v. *Northern Trust Co.* (1897), 169 Ill. 112, 118, 48 N. E. 31; *Ghegan* v. *Young* (1854), 23 Pa. St. 18; *Grommes* v. *St. Paul Trust Co.* (1893), 147 Ill. 634, 35 N. E. 820, 37 Am. St. 248; *Bradley* v. *Walker* (1900), 93 Ill. App. 609; *Gerken* v. *Smith* (1890), 11 N. Y. Supp. 685; *Bonetti* v. *Treat* (1891), 91 Cal. 223, 229, 27 Pac. 612, 14 L. R. A. 151; *Detroit Pharmacal Co.* v. *Burt* (1900), 124 Mich. 220, 82 N. W. 893.

It must further appear that the sub-lessee was substituted in the place of the original lessee, with the intent, on the part of the parties to the demise, to annul its obligations. *Hunt* v. *Gardner* (1877), 39 N. J. L. 530, 533; *Wallace* v. *Kennelly* (1885), 47 N. J. L. 242; *Hoerdt* v. *Hahne* (1900), 91 Ill. App. 514, 522.

As was said in *Hunt* v. *Gardner, supra,* at page 534: ''To ascribe the effect of a surrender to the mere act of the landlord accepting the assignee as his tenant, and receiving rent from him, would be going beyond the precedents. To warrant the inference that the original lease has been annulled, the facts ought to be of an entirely conclusive character.''

The evidence in this case does not show that it was ever the intention of Mrs. Snow, or her successors under the lease, to discharge appellee from his obligations under said

instrument, and to substitute in his stead any of the various tenants from whom rent was collected.

There is no evidence of anything more than a privity of estate between the owners of the property and the tenants in possession thereof; and any agreement which appellee may have had with said tenants, as to the payment of the rent as it became due cannot control in this case, since such an agreement is enforceable only by appellee against such tenants, and would not create a privity of contract between such tenants and the lessor, or those succeeding to her rights under the lease. *Bonetti* v. *Treat, supra.*

Nor does the fact that appellee never personally took possession of the property under said lease relieve him from liability thereunder, for an action may be maintained on an agreement which is absolute to pay rent, where there is a demise, and the lessor is not in fault in preventing actual enjoyment, although the tenant has not taken possession of nor used the demised premises. *Union Pac. R. Co.* v. *Chicago, etc., R. Co.* (1896), 164 Ill. 88, 110, 45 N. E. 488.

Appellee bases his claim of nonliability mainly on testimony showing that when he formed his partnership with Schooler he notified Mrs. Snow that the firm was to take possession of the property, and she said it was all right, gave her consent to the firm's occupancy of the premises under the lease, and thereafter received rent from such occupants.

The lease provides "that the premises are to be occupied by Mark Jones for a storeroom and for no other purpose. * * * are not to be sub-leased by the said Jones without the consent of the said Mary T. Snow."

The subsequent conversation relating to the occupancy of the leased premises must be considered in the light of the provisions of the lease, and when so considered, the evidence relied on does not tend to show that there was a substitution

500 APPELLATE COURT OF INDIANA,

of the firm of Jones & Schooler or other tenants, for the original lessee, with either an express or implied agreement that said lessee should be relieved from his obligation to pay the rent. There was no express surrender of the lease, nor do the facts warrant us in holding that there was a surrender to the lessor by operation of law and a releasing to other tenants. The provision of the lease made it necessary for appellee to obtain the consent of the lessor for the firm, instead of the lessee, to occupy the premises.

Such consent by the lessor, and her subsequent receipt of rent from said firm, was not inconsistent with or contradictory of the terms of the lease. Appellee's obligation was satisfied to the extent of the amounts paid by the several occupants of the premises, but the evidence does not show that he was relieved from his obligation as to rents accrued under the lease and remaining unpaid.

Appellee also insists that the provisions of the lease for the payment of rents accruing thereunder in the future did not inure to appellant as the purchaser of the leased premises.

The decisions of this court and our Supreme Court are to the effect that future rents under an existing lease, where the leased premises are sold and conveyed, are due 10. and payable to the grantee, unless there is a stipulation to the contrary. *Hammond* v. *Jones* (1908), 41 Ind. App. 32, 38, 83 N. E. 257; *Chandler* v. *Pittsburgh Plate Glass Co.* (1898), 20 Ind. App. 165, 50 N. E. 400; *Kellum* v. *Berkshire Life Ins. Co.* (1885), 101 Ind. 455.

Furthermore, in this case appellant avers that by the terms of the last will and testament of Mrs. Snow, her executors were authorized to sell all her estate and convert the same into money; that pursuant to such authority and direction said executors sold the property in question to appellant, and as a part of the consideration for said sale "they sold, transferred and set over unto said purchaser all the

Powell *v.* Jones—50 Ind. App. 493.

rights, title and interest, from and after the date of said sale, in and to'' the lease here involved.

Where the covenant to pay rent is general, as in this case, without being made payable to any particular person, the lease does not terminate on the death of the lessor.

11. *Jaques* v. *Gould* (1849), 58 Mass. 384; *Watson* v. *Penn* (1886), 108 Ind. 21, 8 N. E. 636, 58 Am. Rep. 26; *Kolasky* v. *Michels* (1890), 120 N. Y. 635, 24 N. E. 278.

It follows, therefore, that all rights under such a lease will inure to the original lessor's successor in title. The averments of the complaint show appellant to be the lawful owner of the leased premises and of the lease, and such averments, when proved, establish appellant's right to maintain this action.

The report of the executors of the will of Mrs. Snow, showing the sale of said lease, and the action of the

12. court in approving the same, were competent evidence, and should not have been excluded by the court, as shown by the record.

The motion for a new trial should have been sustained.

Judgment reversed, with instructions to the lower court to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Hottel, C. J., Lairy, Myers, Ibach and Adams, JJ., concur.

NOTE.—Reported in 98 N. E. 646. See, also, under (1) 24 Cyc. 1162; (4) 24 Cyc. 1176; (5) 24 Cyc. 1371; (6) 24 Cyc. 1371, 1372; (7) 24 Cyc. 1162, 1370; (8) 24 Cyc. 1176, 1183; (9) 24 Cyc. 1144; (10) 24 Cyc. 1172; (11) 24 Cyc. 1340; (12) 24 Cyc. 1222. As to what a landlord may do, on tenant's abandoning the premises, and still hold the tenant to his contract, see 114 Am. St. 717. As to the assignment of leases and the effect thereof on the parties, see 10 Am. St. 557. On the effect of surrender of original lease on rights of sublessee, see 7 L. R. A. (N. S.) 221.