## SHANK v. KUHN.

[No. 10,555.    Filed November 23, 1920.]

FRAUDS, STATUTE OF.—*Contracts Not to be Performed Within a Year.*—*Performance by One Party.*—Where plaintiff and defendant, tenants of adjoining tracts of land verbally agreed with each other and with their common landlord that the hay crop should be grown the first year on plaintiff's land and the second year on defendant's, the hay and seed to be divided in specified proportions, and the agreement as to the first year's crop was fully performed by plaintiff, defendant cannot defeat an action for conversion of plaintiff's share of the crop raised during the second year on the ground that the contract as to that crop could not be performed within a year and was not in writing, as required by the Statute of Frauds (§7462 Burns 1914, §4904 R. S. 1881), and there had been no part performance within a year as to the second year's crop, since plaintiff had fully performed his part of the agreement.

From Pulaski Circuit Court; *W. C. Pentecost,* Judge.

Action by Leo M. Kuhn against Bernard Shank. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Burson & Burson,* for appellant.

*Ralph L. Horner* and *Robert E. Thompson,* for appellee.

NICHOLS, J.—Action by appellee against appellant for damages growing out of an alleged conversion.

It is averred in substance in the complaint that on August 24, 1916, appellee leased a certain tract of land in Pulaski county, Indiana, for a period of two years from the first day of March, 1917. At said time appellant was the tenant of an adjoining 110 acres belonging to the same landlord. At said time there was an agreement between appellee and appellant whereby the hay crop on said lands should be alternated between the lands of appellee and the lands of appellant, the hay and seed to be grown and harvested one year on the lands of the appellee and the following year on the lands occupied by and farmed by appellant, and that the hay and seed grown and harvested on the one farm should be divided on the basis of one-half to the landlord, one-quarter to the appellee, and one-quarter to the appellant. Pursuant to the agreement, the hay and seed from appellee's land in 1917 was divided between the landlord, appellee and appellant. In 1918 the crop of hay and seed was grown on the land occupied by the appellant, the hay crop being divided between appellee and appellant pursuant to the agreement; but thereafter appellant hulled the hayseed from the field on his land, and refused to divide the same with appellee. Appellee offered to assist in cutting and hulling said seed at the time for cutting and hulling the same, offered and requested that he be permitted to assist in such work, but the appellant refused to so permit him.

There were 81.75 bushels of seeds of the value of $20 per bushel, making a total of $1,635. Appellee demanded one-fourth of said seed, but the same was refused him by appellant. Appellant converted to his own use appellee's share of the seed, and sold and disposed of it and took and appropriated and converted to his own use the proceeds thereof, to the appellee's damage in the sum of $500. There is a prayer for judgment in the sum of $500.

There was a demurrer to this complaint, which was overruled, after which appellant answered in three paragraphs. Only the first is presented, it being to the effect that the alleged verbal contract as set out in appellee's complaint, in so far as it relates to the part of the contract and agreement that was to be performed in the season and fall of the year 1918, is barred by the fifth clause of the Statute of Frauds and Perjuries (§7462 Burns 1914, §4904 R. S. 1881), for the reason that by the terms of said agreement it was not, and could not have been performed by the parties within one year from the time of making or entering into it, as disclosed by the complaint, and that no part of the alleged contract that was to be performed in the year 1918, had been performed by either party within the year from the time of the making thereof.

A demurrer by appellee to this answer was sustained, after which the cause was submitted to a jury for trial, which returned a verdict for appellee in the sum of $350.

After appellant's motion for a new trial was overruled, this appeal.

The only questions presented for our consideration are: (1) The alleged error in overruling appellant's demurrer to appellee's complaint; (2) the sustaining of appellee's demurrer to appellant's answer; and (3) overruling the motion for a new trial.

It appears from the allegations of the complaint as set out above that appellee had fully performed his part of the oral agreement with appellant. Under such circumstances appellant's contention that the Statute of Frauds relieves him from liability is without merit, and the complaint states a good cause of action. *Lowman* v. *Sheets* (1890), 124 Ind. 416, 24 N. E. 351, 7 L. R. A. 784; *Haugh* v. *Blythe's Executors* (1863), 20 Ind. 24; *Houghton* v. *Houghton* (1860), 14 Ind. 505, 77 Am. Dec. 69.

As the allegations of appellant's first paragraph of answer set forth above do not constitute a good defense to the complaint under the rule just stated, there was no error in sustaining the appellee's demurrer thereto.

The only question presented in the motion for a new trial is the alleged error in giving to the jury certain instructions. There was no reversible error in giving them, and nothing can be gained by discussing them. It is clear that a right result was reached.

The judgment is affirmed.