## GENERAL REALTY COMPANY *v.* SILCOX.

[No. 11,930.　Filed February 5, 1925.　Rehearing denied May 12, 1925.　Transfer denied April 8, 1926.]

1. ESTOPPEL.—*Elements of estoppel stated.*—The essential elements of estoppel are that there must be acts, language or silence amounting to a representation or concealment of material facts; these facts must be known to the party estopped at the time of such conduct, or the circumstances must be such that knowledge of them is necessarily imputed to him; the truth must be unknown to the party claiming the benefit of the estoppel, at the time when such conduct was done or at the time when it was acted upon; the conduct must be done with the intention or expectation that it will be acted upon by the other party, or, under such circumstances that it probably will be so acted upon; the conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it to his injury. p. 454.

2. ESTOPPEL.—*Complaint held insufficient to show estoppel of defendant to deny plaintiff's right to use switch, constructed under agreement with defendant's deceased husband.*—In an action to enjoin the obstruction of a railroad switch, constructed under an agreement with the defendant's deceased husband, who, with the defendant, owned the land on which the switch was located as tenants by the entireties, the complaint not alleging that the defendant said or did anything to mislead the plaintiff was *held* insufficient to show estoppel to deny plaintiff's right to use said switch. p. 456.

3. ESTOPPEL.—*Knowledge on the part of party sought to be estopped and want of knowledge on the part of party relying thereon necessary.*—To constitute a valid estoppel by conduct, there must be knowledge on the part of the party sought to be estopped and a want of knowledge on the part of the party relying on the estoppel. p. 456.

From Marion Superior Court (A 18,425) ; *Clinton H. Givan,* Judge.

Suit by the General Realty Company against Sarah Silcox. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Samuel D. Miller, Frank C. Dailey, William H. Thompson, Albert L. Rabb, Thomas D. Stevenson* and *Perry E. O'Neal,* for appellant.

*M. L. Clawson,* for appellee.

McMAHAN, J.—Complaint by appellant in two paragraphs for an injunction. A demurrer to each paragraph having been sustained, appellant appeals. Both paragraphs were in substance alike and alleged: That in October, 1920, appellee and her husband, Schuyler C. Silcox, were the owners as tenants by the entireties of a certain lot in the city of Indianapolis; that on said day appellant and Schuyler C. Silcox entered into a written agreement, whereby the latter gave appellant the right to cause an extension to be added to the north end of a certain railroad switch then on said real estate and agreeing appellant should have the right to cross this track in the regular course of its business with empty or loaded cars of freight when necessary, and that appellant should pay Mr. Silcox one dollar for each car loaded or unloaded on its premises. It was also agreed therein that Silcox was to keep the track across "his" ground in repair so the railroad company would at all times be in position to serve the needs of appellant, the agreement to be binding on both parties, their heirs and assigns, until they mutually agreed to discontinue it. Silcox expressly warranted he was the owner of the real estate described in the agreement.

It is also alleged Mr. Silcox died August 4, 1921, and that appellee is now the owner of said lot; that since a date prior to the making of said agreement, appellant

has been the owner of the two lots adjacent to and north of appellee's land, all of said lots being close to a certain railroad; that when said agreement was entered into, appellee knew that the contract was made and was informed as to its nature and contents; that appellant, in reliance upon such contract, and in anticipation that it would be able to operate railroad cars between its land and the railroad and over and across appellee's said land, it expended $50,000 in the construction of an industrial building; that the efficient use of such building for the purpose for which it is adapted requires that there be free access therefrom to the railroad and that cars be freely hauled over the switch on appellee's land; that any obstruction of the switch which will prevent such use will materially depreciate and almost destroy the usefulness of appellant's said building for any purpose; that appellee at all times knew appellant had and was constructing such building largely in reliance upon said contract and on the faith thereof had expended great sums of money; that appellee knew that the money expended by appellant in the construction of such building would result in a material loss to appellant if it should thereafter be deprived of the right to run cars over said switch; that appellant expended $2,000 in extending said switch and thereafter transported cars over the same; that in August, 1922, appellee notified appellant it could not thereafter move any cars over said switch on her land; that later, appellee placed a gate across such switch and on her land and locked the same so that appellant was not able to use said switch; that appellant had no way to and could not acquire access to the main railroad except over appellee's land. It also alleged that appellant paid Silcox one dollar for each car loaded or unloaded and hauled over said switch, and that, after his death up to November 1, 1921, it paid appellee one

dollar for each car so hauled over said switch since the death of Silcox, except that since November 1, 1921, appellee has demanded three dollars per car and refused to accept one dollar per car, which appellant was ready and willing to pay. There was a prayer that appellee be perpetually enjoined from doing anything to prevent appellant from transporting cars over said switch.

Appellant, recognizing the peculiar nature of an estate by entireties and the law applicable thereto, states its claim for a reversal as follows: "Admitting the ordinary inability of one tenant by entireties to convey or incumber the entirety property or defeat the right of survivorship of the other tenant, appellant relies upon the allegations of said paragraphs concerning appellee's full knowledge of the facts, her acquiescence in appellant's expenditure in reliance upon the contract when she knew the fact, and her acceptance of the money paid under the contract as estopping her to interfere with appellant's use of the tracks."

Before entering upon a discussion of the allegations of the complaint, it may be well to call attention to some of the elementary principles of equity jurisprudence, and ascertain, not only the necessary elements in so far as the person sought to be estopped is concerned, but also the necessary elements which must be present in order to give the other person the right to claim an estoppel.

The essential elements of estoppel are: (1) There must be conduct—acts, language, or silence—amounting to a representation or a concealment of material facts; (2) these facts must be known to the party estopped at the time of said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him; (3) the truth concerning these facts must be unknown to the party claiming the benefit of the estoppel, at the time when such conduct

was done, or at the time when it was acted upon by him; (4) the conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon; (5) the conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it; (6) he must in fact act upon it in such a manner as to change his position for the worse. Pomeroy, Equity Jurisp. (2d ed.) §805.

And the same author, in §810, in discussing the ignorance of the truth by the party claiming the benefit of the estoppel, says: "The truth concerning these material facts must be unknown to the other party claiming the benefit of the estoppel, not only at the time of the conduct which amounts to a representation or concealment, but also at the time when that conduct is acted upon by him. If, at the time when he acted, such party had knowledge of the truth, or had the means by which with reasonable diligence he could acquire the knowledge so that it would be negligence on his part to remain ignorant by not using those means, he cannot claim to have been misled by relying upon the representation or concealment."

And in §811, the author says: "In fact, *it is only by means of the doctrine of estoppel* that the original owner can be divested of his title in opposition to the rules of the law concerning the transfer and acquisition of property. *There is no rule of law or of equity by which an owner, through mere negligence can be divested of his legal title to things in action or chattels.* * * * In order to be estopped from asserting his title or interest he must intend that his representation should be acted upon by the party influenced by his conduct."

In the absence of any allegation in the complaint to

the contrary, we must presume appellant knew the title to the lot mentioned in the contract was owned by appellee and her husband by the entireties.

2. There is no allegation that appellee said or did anything to mislead appellant or that caused it to act. The only thing which she did was to remain silent, knowing appellant was acting, not wholly, but "partly," in reliance upon the contract. There is no allegation that appellant acted upon the belief that Silcox was the owner of the lot and had authority to make a contract affecting appellee's interest in the real estate and that appellee, knowing appellant was so relying, remained silent or did anything to mislead appellant.

Probably the leading case in this state on the subject of estoppel is *Gatling* v. *Rodman* (1855), 6 Ind. 289, where it was held that a person owning land and being fully apprised of his rights, stands by and allows a third person to become the purchaser, knowing that he is ignorant of such rights, and suffers him to improve the property under the belief that his title is good, will be estopped thereafter from asserting such interest against the purchaser. The rule as stated has been approved in *Thompson* v. *Thompson* (1857), 9 Ind. 323, 68 Am. Dec. 638; *Cox* v. *Matthews* (1861), 17 Ind. 367, 377; *Junction Railroad Co.* v. *Harpold* (1862), 19 Ind. 347; *Wiseman* v. *Macy* (1863), 20 Ind. 239, 83 Am. Dec. 316; *Fletcher* v. *Holmes* (1865), 25 Ind. 458; *Anderson* v. *Hubble* (1884), 93 Ind. 570, 47 Am. Rep. 394; *Kiefer* v. *Klinsick* (1895), 144 Ind. 46; *Pape* v. *Pape* (1895), 67 Ind. App. 153.

To constitute a valid estoppel by conduct, there must be knowledge on the part of the party sought to be estopped and a *want of knowledge* on the part of

3. the party relying on the estoppel. *Fletcher* v. *Holmes, supra; Scranton* v. *Stewart* (1875), 52 Ind. 68, 96; *Robbins* v. *Magee* (1881), 76 Ind. 381, 388;

General Realty Co. *v.* Silcox—84 Ind. App. 451.

*Anderson* v. *Hubble, supra; Cole, Admr.,* v. *Lafontaine* (1882), 84 Ind. 446; *Junction Railroad Co.* v. *Harpold, supra; Baker* v. *Union Mut. Life Ins. Co.* (1871), 43 N. Y. 283; *Gove* v. *White* (1866), 20 Wis. 447.

In so far as we are advised by the complaint, appellant at all times knew that appellee and her husband owned the lot in question by the entireties and knew the limitations on the power of the husband to make any contract or conveyance of the same so as to affect the rights of appellee after the death of her husband. We must, therefore, assume that appellant at all times knew all the facts, and knew, as a matter of law, that the contract made by the husband alone was not binding on appellee. If appellant had actually believed Silcox was the owner of the land and entered into the contract under that belief, and, in good faith, made the expenditures of a large sum of money, and appellee had stood by knowing her husband was representing and holding himself out to appellant as the owner, and if appellant had no knowledge of the truth, we would have a different case before us.

The allegations concerning the payment of money to appellee after the death of her husband are not sufficient to sustain an estoppel. It is only by inference that we can say appellant transported any cars over the switch after the death of Silcox. If it transported any, we ask, how many? It may have been one or it may have been more. Conceding that appellant did pay appellee one dollar for a car transported over the switch after the death of the husband, that certainly would not be sufficient to create an estoppel. Waiving the question of want of knowledge on the part of appellant, there is no claim that the receipt by appellee of the money after the death of her husband placed appellant in a worse position than it was in before such payment was made.

General Realty Co. v. Silcox—84 Ind. App. 451.

The court was clearly right in sustaining the demurrer to the several paragraphs of complaint.

Nichols, J., dissents.

## DISSENTING OPINION.

NICHOLS, J.—I do not concur in the opinion of the majority of the court in this case. It may be true that the complaint is not as specific in its averments as it should be, but I think it is sufficient, in the absence of a motion to make more specific, to withstand appellee's demurrer. It appears by the contract, which is set out in full in the complaint, that appellee's husband represented that he was the owner of the real estate here involved and there is nothing to suggest that the title was by the entireties. It appears by the averments of the complaint that appellee was fully informed as to the contents and nature of the contract. It further appears that appellant in reliance upon the contract expended $50,000 in the construction of a building to which it could have free access only across the real estate involved, under the terms of the contract and that plaintiff knew that such work was done and expenditure being made in reliance upon the contract. It is a necessary inference that if appellant knew at the time that the title to the real estate was held by the entireties it did not and it could not rely upon the contract and under such circumstances, and in the absence of a motion to make more specific, this is a sufficient averment of no knowledge of the title by the entireties. Appellee did not have to say anything or do anything in order to mislead appellant. Her standing by without objection and permitting appellant to go forward with the work and expenditure with knowledge that it was so doing, was sufficient to work an estoppel as against her. *Fletcher* v. *Holmes* (1865), 25 Ind. 458, 470; *Anderson* v. *Hubble* (1884), 93 Ind. 570, 575, 47 Am. Rep. 394; *Roach* v. *Clark* (1902), 28 Ind. App. 250, 62 N. E. 634.