MILLER JEWELRY CO., INC., ET AL. *v.* DICKSON.

[No. 16,850. Filed June 16, 1942.]

*Julius V. Medias,* of Indianapolis, for appellants.

*John K. Rickles,* of Indianapolis, for appellee.

BLESSING, J.—On the 25th day of April, 1930, the American Investment and Realty Company executed a lease to the appellant Miller Jewelry Company of suites number 21 and 23 North Meridian street, in the City of

Indianapolis, Indiana, for a term of 10 years from the first day of June, 1930, to and including the 31st day of May, 1940. The rent stipulated by the agreement was in the sum of $6,000 per year for the first two years; $7,000 per year for the next two years; $8,000 per year for the next two years; $9,000 per year for the next two years; and $10,000 per year for the last two years of said term; said rent to be payable in equal monthly installments. Contemporaneously with the execution of the said lease, appellants Morris Dee and Mary Drozdowitz executed an instrument guaranteeing that they would pay to said American Investment and Realty Company such sum as might be necessary to cause the average minimum rental for said premises to be $8,000.

On the 16th day of July, 1934, appellant George A. Kuhn, the receiver of the Continental Building Company, Monument Place Building Corporation, and the American Investment and Realty Company, assigned and transferred to the Continental Building Company the 99-year lease to the Continental Bank Building, which included suites 21 and 23 North Meridian street. The accounts and notes receivable of the American Investment and Realty Company were also assigned and transferred to the Continental Building Company. On December 30, 1935, the said Continental Building Company assigned and transferred to George Dickson, Jr., the appellee in this case, all its rights, title and interest in and to the unpaid tenant accounts.

Thereafter said George Dickson, Jr., instituted this action against the Miller Jewelry Company, Morris Dee, Mary Drozdowitz, and George A. Kuhn, as receiver, to recover the sum of $500, alleging in his complaint that the Miller Jewelry Company was indebted to said George A. Kuhn, as receiver of the American Investment and Realty Company, in the sum of $666.66 for rent for the

month of December, 1934, but that said Miller Jewelry Company paid only the sum of $400, leaving a balance due and·owing in the sum of $266.66. He also alleged that he was compelled to employ attorneys to enforce the payment of said sum; that a reasonable attorney fee was $150; and that he was entitled to interest at 6% per annum from December 31, 1934, until paid.

To appellee's complaint, the appellants filed five paragraphs of answer, numbered 3 to 7 inclusive. The third paragraph alleged accord and satisfaction; the fourth alleged estoppel; the fifth alleged fraud; the sixth alleged rescission and discharge, and the seventh alleged estoppel. Appellee demurred to each of said paragraphs of answer for want of facts sufficient to constitute a defense, which demurrers were sustained by the lower court. Upon refusal of the appellants to plead further, the court rendered judgment for appellee in the sum of $266.66, attorney fees in the sum of $75 and his costs. The appellants now appeal from this judgment, assigning as error the action of the court in sustaining the appellee's demurrer to each of the five paragraphs of answer.

The third paragraph of answer alleged that prior to the 28th day of December, 1934, a controversy existed between the Continental Building Company, appellee's assignor, and the Miller Jewelry Company as to the amount of rent due for the month of December, 1934; that on the 28th day of December, 1934, the Miller Jewelry Company sent its check for $400, with a notation thereon that the same was for "Rent for Dec/34," to the rental agents of said Continental Building Company, and that "the same was handed over to said agents for plaintiff's assignor in full payment and satisfaction of all of the rent then due, and that if the same was not so accepted it should have been returned to the defend-

ant Miller Jewelry Company, Inc. It was further alleged that this check was endorsed and cashed by the lessor, and the proceeds thereof appropriated to its use and benefit.

Appellants contend that the payment and acceptance of a smaller sum in satisfaction of a larger sum alleged to be due will operate as an accord and satisfaction of the larger amount claimed to be due. They further contend that the claim for the rent was an unliquidated claim due to the controversy about the amount of rent to be paid.

However, whether the claim was liquidated or unliquidated, in order for the acceptance of the check or remittance to have operated as a full discharge, the condition that it was to be accepted in full satisfaction of the pending claim or obligation must have been expressly made or the circumstances must have been such as to indicate clearly to the creditor that it was so sent. As was said in *Pottlitzer* v. *Wesson* (1893), 8 Ind. App. 472, 479, 35 N. E. 1030: " 'To constitute an accord and satisfaction it is necessary that the money shall be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that, if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered, is bound to understand therefrom that if he takes it, he takes it subject to such condition.' "

Appellants allege that the check for $400 marked "Rent for Dec/34" was handed to the rental agents in full payment and satisfaction of all the rent due, but there is no language used in this paragraph of answer indicating that such intention was made known to said rental agents. The appellants simply indicate that $400 is the amount in which they

consider themselves to be indebted. There is no allegation that an obligation to return the check was imposed upon the rental agents or the lessor if such check were not accepted as full payment of the rent, nor do appellants in any way indicate that their intention to impose such a condition was made known to said agents or the lessor. We are of the opinion that the allegations of appellants' third paragraph of answer are insufficient to constitute an accord and satisfaction.

The fourth and seventh paragraphs of answer attempt to plead an estoppel. The fourth paragraph alleged, "that prior to the 28th day of December, 1934, a written agreement existed between plaintiff's assignor, Continental Building Company, Inc., and said defendants whereby the terms of a lease, a copy of which is contained in plaintiff's complaint and marked Exhibit A, pursuant to which Miller Jewelry Company, Inc., occupied the premises, were rescinded and modified by reducing the monthly rental from $666.00 to $400.00 per month. . . . That prior to the 28th day of December, 1934, plaintiff's assignor agreed with defendants that if they would give up the premises then occupied and take different premises in the same building that said rent would be decreased and that further in consideration of the inconvenience and disadvantage to which they would be put by waiting until the alterations, reconstruction and remodeling of the other premises were completed that said reduced rental would continue in full force and effect." (The agreement to give up the present occupation, and the promise of the continued reduced rental are not alleged to have been in writing, and this fact we understand, from the briefs, to be conceded.) This paragraph further alleges, "that relying on the promises and representations . . . and relying on said agreement to continue the rent at the reduced

rental rate, the Miller Jewelry Company, Inc., . . . executed and delivered its check on the 28th day of December, 1934, . . . in the sum of $400 with the notation thereon 'Rent for Dec/34.' " This paragraph further alleges that the check was cashed; that the defendant Miller Jewelry Company acted in good faith and "suffered the inconveniences as hereinbefore set out, all in reliance upon said representations, promises and agreements."

The seventh paragraph of answer differed from the fourth in that it was therein alleged that on the 8th day of January, 1934, there was executed a written agreement (set out as an exhibit) whereby the rental was reduced to the monthly rental of $400.00 per month for a period of one year beginning December 1, 1933, and ending November 30, 1934; that the defendants desiring to have said reduction continue in force, and desiring a new agreement for this purpose, inquired of the lessor before paying the rent for the month of December, 1934, as to whether the reduction agreement would be renewed; that it was proposed to these defendants by the lessor that if they would agree to vacate and surrender the premises occupied under the original lease at the time requested by the lessor prior to the expiration of the original lease, and take up occupancy of different premises in the same building when the same was altered and made ready for occupancy that the lessor would require only the reduced rental rate and would discharge said original lease and would discharge the defendants from all liability under the original lease as of December 1st, 1934, and would accept the sum of $400.00 in payment of the rent for the month of December, 1934; that in pursuance to said agreement, the lessee executed its check for $400.00 in payment of said rent and the check was cashed and accepted by

the defendants in full payment of the rent for said month; that thereafter, and in the month of May, 1935, the Miller Jewelry Company, in further performance of the agreement, vacated the premises occupied under the original lease and moved into the remodeled quarters located in the same building.

The exhibits show that the original lease was for a period of ten years and only four years had elapsed before the making of the alleged oral agreement.

A lease of real estate for a period of more than three years is required to be in writing. § 33-101, Burns' 1933. A lease for more than three years being required to be in writing by the statute, such written lease may not be changed or modified by an oral agreement. *Burgett* v. *Loeb* (1909), 43 Ind. App. 657, 88 N. E. 346; *Bradley* v. *Harter* (1901), 156 Ind. 499, 60 N. E. 139.

Appellant is therefore confronted with the task of defending these paragraphs of answer by showing that the parol modification of the written lease was so far performed that the same was taken out of the statute. To accomplish this purpose the appellant contends that there was such a performance of the oral agreement on the part of the Miller Jewelry Company that a noncompliance of said oral agreement on the part of the lessor's assignee would operate as a fraud on the lessee, Miller Jewelry Company. The doctrine on which this contention is based is sound in principle and upheld by our courts. *Wulschner* v. *Ward* (1888), 115 Ind. 219, 17 N. E. 273; *Shank* v. *Kuhn* (1920), 74 Ind. App. 264, 128 N. E. 775.

But there is nothing in either of these paragraphs of answer to indicate that a compliance with the oral agreement on the part of the Miller Jewelry Company operated to its detriment. The "inconvenience suffered"

as alleged in the fourth paragraph, was nothing more than the occupancy for which they contracted in the original lease, and there is no allegation in the seventh paragraph that the removal to, and taking possession of the new premises worked any disadvantage to said lessee. Neither title to, nor the right to possession of any property is here involved.

These paragraphs being drawn on the theory of estoppel, they will be so tested. The principle that has prompted our courts to declare that the statute of frauds shall not be made an instrument for the perpetration of a fraud is closely related to the doctrine of estoppel. An examination of this doctrine discloses that one of the essential elements thereof is that the party claiming the estoppel must have acted upon the inducements of the other party to his injury. *General Realty Co.* v. *Silcox* (1926), 84 Ind. App. 451, 146 N. E. 408. As above stated, there is no allegation showing any injury to the appellants because of any reliance upon the representations of the appellee or his assignor.

The fifth paragraph of answer is based upon fraud with the same oral promises and agreements hereinbefore set out constituting the false representations upon which appellants relied. Here again it is repeated, that no injury is shown to have resulted because of the alleged misrepresentations; and fraud without injury neither gives rise to a cause of action nor furnishes a basis for a defense. *Alsmeier* v. *Adams* (1916), 62 Ind. App. 219, 105 N. E. 1033, 109 N. E. 58.

The sixth paragraph of answer alleges that the appellee's assignor orally agreed to rescind and discharge the written lease and the written modification of said lease if appellant Miller Jewelry Company would move

to 29 North Meridian street. It also alleged that the oral agreement was fully acted upon, and that the lease was marked cancelled on the back thereof.

Appellants' contention that there was a surrender of the written lease cannot be upheld. It has been decided in this State that a surrender may be either express or created by operation of law. *Powell* v. *Jones* (1912), 50 Ind. App. 493, 98 N. E. 646; *Heller* v. *Dailey* (1902), 28 Ind. App. 555, 63 N. E. 490. In the last mentioned case it was held that an interest in land, except a lease for three years or less, can be surrendered by express contract only when there is a written instrument.

It is appellants' contention that the notation on the back of the lease which read, "Cancelled New lease on 29 M. P." considered with the check which contained the following words: "Rent for Dec/34" is a memorandum sufficient to take the contract out of the statute of frauds. However, it does not appear that the cancellation was signed. Section 33-101, Burns' 1933, provides that a memorandum, in order to satisfy the statute of frauds, must be signed by the party to be charged therewith.

Appellants rely upon the check which was given as "Rent for Dec/34" to constitute a part of the memorandum. These two instruments cannot be considered together because the signed check does not refer to the unsigned cancellation. *Block* v. *Sherman* (1941), 109 Ind. App. 330, 34 N. E. (2d) 951. The cancellation is not dated, and contemporaneous delivery of the two instruments is not alleged.

Appellants insist that there was a surrender by operation of law. In the case of *Powell* v. *Jones* .(1912), 50 Ind. App. 493, 98 N. E. 646, it was said that a surrender arises by operation of law when the parties to a lease do some act so inconsistent

with the relation of landlord and tenant as to imply that they have both agreed to consider the surrender as made.

When a tenant surrenders the leased property and delivers the possession to the lessor, who accepts such surrender, the lessee is not liable for accruing rent after such acceptance. This sixth paragraph of answer discloses that the appellants did not surrender possession of 21 and 23 North Meridian street until in May, 1935, and long after the due date for the December rent on said rooms. No other facts are alleged which are so inconsistent with the relation of landlord and tenant as to constitute a surrender by operation of law. The court was not in error in sustaining the respective demurrers.

Judgment affirmed.

NOTE.—Reported in 42 N. E. (2d) 398.