# GOFF *v.* CRAIG ET AL.

[No. 7,733.   Filed November 27, 1912.]

1. RELEASE.—*Warranty.—Consideration.*—Where, a contract for drilling a well at a certain price per foot, contained an agreement to obtain an inexhaustible supply of water and to warrant the well to hold out and produce water for one year, a statement made to the driller by the person for whom the well was drilled, after a vein of water was struck and on being informed by the driller that it was in cement gravel and would not clear up, to the effect that it was good enough for him, amounted to a release of the warranty previously made, for which the driller's relinquishment of the right to sink the well deeper was a sufficient consideration. p. 463.

2. PLEADING.—*General Denial.—Evidence.—Competency.*—Under a general denial all evidence is competent which tends to negative a material allegation of the pleading to which it is addressed. p. 464.

3. RELEASE.—*Issues.—Answer Alleging Breach of Warranty.— Reply in General Denial.—Evidence.*—In an action on a note given for the drilling of a well, where defendant answered alleging a breach of the warranty to obtain an inexhaustible supply of water and that the well would hold out and produce water for a year, it was competent for plaintiff to prove under a reply in general denial, that the warranty had been released before the note was given. p. 464.

4. APPEAL.—*Review.*—*Evidence.*—*Failure to Object in Trial Court.*—Under §700 Burns 1908, §658 R. S. 1881, providing that no judgment shall be reversed in whole or in part, for any defect in form, variance or imperfections contained in the record, pleadings, etc., which by law might be amended below, or where it shall appear that the merits of the cause have been fairly tried and determined, evidence admitted in the trial court without objection will be considered on appeal to uphold the verdict, even though it may not have been within the issues tendered, since, if objection had been made, the court might have permitted the pleadings to be so amended as to render it admissible, under §§400, 403, 405 Burns 1908, §§391, 394, 396 R. S. 1881. p. 465.

5. TRIAL.—*Issues.*—*Proof.*—*Agreement as to Admission of Evidence.*—Parties to an action have a right to agree that all defenses may be admitted under the general denial. p. 466.

6. APPEAL.—*Review.*—*Evidence.*—*Failure to Object to Admission.*—*Presumption.*—Where evidence tending to establish an affirmative defense was admitted under the general denial without objection, it will be presumed on appeal that it was agreed that it might be so introduced. p. 466.

7. APPEAL.—*Review.*—*Conflicting Evidence.*—*Weight.*—The court cannot weigh conflicting evidence on appeal. p. 466.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by John Craig and another against John Goff. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*C. W. Watkins* and *C. A. Butler,* for appellant.

*Fred H. Bowers* and *Milo N. Feightner,* for appellees.

LAIRY, J.—Appellees sued appellant on a promissory note for $58, and recovered judgment. On appeal, the only error assigned is the action of the trial court in overruling appellant's motion for a new trial. Two grounds are assigned in this motion: (1) That the verdict of the jury is not sustained by sufficient evidence, and (2) that the verdict is contrary to law.

The complaint is based on the note, and is in the usual form. The answer was in three paragraphs, the first setting up a want of consideration, and the second a failure of consideration for the note sued on. The third paragraph avers, in substance, that appellees drilled a well for

appellant, under a contract for $1 per foot; that the well was 116 feet deep, and that appellant settled by paying appellees $58 in cash, and executing the note in suit for a like amount; that appellees agreed to obtain an inexhaustible supply of water, and to warrant the well to hold out and produce water for one year. It is further alleged that the well failed to produce a reasonable supply of water, and that it failed and went dry within a year, and that it is wholly worthless. Practically the same facts as those contained in the third paragraph of answer are set up by way of counterclaim, whereby appellant seeks to recover the $58 paid in cash on the completion of the well.

A general denial was filed to each paragraph of answer, and to the counterclaim. There is no claim that the evidence is not sufficient to sustain the complaint, and it is practically conceded that the evidence shows, without dispute, that at the time the contract was made appellee guaranteed a good well, and that it went dry within six months after it was completed, and was of no value. In fact one of the plaintiffs in his testimony practically admits that there was a guarantee at the time the contract was made, but he says that there was none at the time the well was finished, and when the note in suit was executed.

No affirmative reply is pleaded to the answer setting up a release of warranty, but at the trial, evidence was heard without objection, tending to prove that when appellees had sunk the well to a depth of 116 feet, a vein of water was struck, and that then in a conversation with appellant, appellant asked one of the appellees what he thought of the well, and appellee replied that it was "no good"; that it was in cement gravel, and would not clear up. Appellant said: "It looks good to me." Appellee then said: "Well, if you want it, it is up to you, but I cannot guarantee it, because it will not clear up. It is in that cement mud and gravel." Whereupon, appellant said: "It is good enough for me."

If this conversation occurred, it shows an agreement on the part of appellant to release appellees from the warranty previously made, and to take the chance of the well proving to be a good one. Under the contract, appellees had a right to sink the well deeper, and if they obtained a good well at a greater depth, to collect at the rate of $1 per foot for the entire depth of the well. Appellees' relinquishment of the right to sink the well deeper was a sufficient consideration for the promise of appellant to release them from their previous warranty. If this evidence can be considered, it is sufficient to uphold a verdict in favor of appellees. Appellant asserts that evidence of this character confesses and avoids the answer, and that its admission was improper in the absence of an appropriate affirmative reply; and that, even though such evidence was admitted without objection, it cannot be considered as supporting the verdict, for the reason that it is not within the issues made by the pleadings.

2. Under a general denial all evidence is competent which tends to negative a material allegation of the pleading to which it is addressed. One of the material facts to be proved under the answer relied on was

3. the existence of the warranty alleged therein. In order to have entered into the consideration of the note, or to have affected its validity in any manner, this warranty must have subsisted at the time the note was executed. If the warranty previously made had been released before the note was given, such fact may be proved under the general denial, to rebut the presumption that the original warranty proven was still subsisting at the time the note was executed.

Such evidence does not tend to prove that the defendant, at one time, had a cause of defense to the note, and that such cause of defense was terminated by subsequent occurrences; but, on the contrary; it tends to prove at the very time the note was given there was no subsisting warranty on which a defense could be based.

We hold that the evidence in question was properly admitted under the issue formed by the general denial; but were the rule otherwise, still, such evidence, when 4. admitted at the trial without objection, would be considered on appeal to uphold the verdict. If appellant believed that the evidence offered was not within the issues tendered, he should have objected to its admission on that ground. This would have given the trial court an opportunity to pass on the direct question involved. If the court thought that the objection was well taken, it might have permitted the pleadings to be so amended as to render the evidence admissible, and it might have permitted the filing of an affirmative reply. §§400, 403, 405 Burns 1908, §§391, 394, 396 R. S. 1881. If, by the amendment so ordered or made, an issue had been tendered on the trial that appellant was not prepared to meet, or if he was taken by surprise, or otherwise placed at a disadvantage, he might have obtained a continuance on a proper showing, at the cost of appellees. §§403, 404 Burns 1908, §§394, 395 R. S. 1881. *Watson* v. *Adams* (1904), 32 Ind. App. 281, 69 N. E. 696. By the sections of the statute cited, it was the manifest intention of the legislature that all questions relating to variance between the allegations and the proof should be raised in the trial court and obviated by amendment of the pleadings when possible. Section 700 Burns 1908, §658 R. S. 1881, provides that "no judgment shall be stayed or reversed, in whole or in part, by the supreme court, for any defect in form, variance, or imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the court below, but such defects shall be deemed to be amended in the supreme court; nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

The effect of these statutes is to require litigants to present to the trial court, all questions of variance between the allegations and the proofs, and to prevent them from obtaining a reversal of a judgment where such questions are presented for the first time in the Supreme Court or the Appellate Court, thus causing unnecessary delay and useless expense in the administration of justice.

5. Parties to an action have a right to agree that all defenses may be admitted under the general denial. In case evidence tending to establish an affirmative defense is admitted without objection under the general denial, it will be presumed on appeal that there was an implied, if not an express agreement that evidence of such defense might be so introduced. Green, Pr. and Pl. §468; *Stephens* v. *Lawson* (1844), 7 Blackf. 275. Where the evidence so introduced tends to support the verdict, it well be considered for that purpose on appeal.

7. While the evidence in this case is conflicting, the verdict is amply sustained. This court cannot weigh conflicting evidence.

Judgment affirmed.

Note.—Reported in 99 N. E. 1013. See, also, under (1) 34 Cyc. 1045, 1050; (2) 31 Cyc. 693; (3) 34 Cyc. 1099; (4) 2 Cyc. 693; 38 Cyc. 1393; (6) 3 Cyc. 300; (7) 3 Cyc. 348.