## WAFFLE ET AL. v. IRELAND.

[No. 12,699. Filed March 11, 1927. Rehearing denied April 27, 1927.]

1. LANDLORD AND TENANT.—*Burden of proof on landlord to show due diligence in reletting premises after lessees' abandonment.*—In an action by a landlord to recover balance of amount due under the lease where lessees abandoned the premises and landlord relet the same for less than the stipulated rent, the plaintiff has the burden of proving that he used due diligence and care in renting to a responsible party and for such amount as he could reasonably obtain. p. 122.

2. PLEADING.—*Sustaining demurrer to paragraph of answer, when harmless error.*—Sustaining a demurrer to a paragraph of answer is harmless error, if any, where all evidence to sustain such paragraph was admissible under the general denial. p. 122.

From Elkhart Superior Court; *William B. Hile,* Judge.

Action by Edgar ·A. Ireland against Charles Waffle and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the court in banc.

*John G. Yeagley,* for appellants.

*Seebert, Oare & Omacht,* for appellee.

THOMPSON, J.—This is an action brought upon appellee's complaint in one paragraph, to recover one month's rent upon a written lease on property which had been abandoned by appellants, and his attorney fees. The complaint alleged, in substance, that the appellee leased to appellants a certain garage building for which appellants agreed to pay $666.67 per month in advance; that appellants occupied said building and paid rent until October 30, 1925, when they vacated the premises and informed appellee that they would no longer perform the conditions of said lease; that under clause seven of said lease, the appellee relet said premises to another tenant for the unexpired term or until April 1, 1926, for the sum of $350 per month; that as

a part of said first lease, appellants guaranteed the payment of $666.67 per month, and that there is therefore due from appellants $316.67 for the November rent and $150.00 attorney fees, making a total of $466.67 and costs. A copy of said written lease is made a part of said complaint as an exhibit thereto, and clause seven thereof provides as follows:

"If said party of the second part shall abandon or vacate said premises, the same shall be re-let by the party of the first part for such rent and upon such terms as said first party may see fit; and if a sufficient sum shall not be thus realized, after paying all expenses of such re-letting and collecting to satisfy the rent hereby reserved, the party of the second part agrees to satisfy and pay all deficiency."

Appellants filed three paragraphs of answer. The third paragraph alleges, in substance, that defendants admit the execution of the lease set out in the complaint; that defendant Elmer E. Strayer admits the execution of the guarantee for payment of the rent; that defendants abandoned the leased premises and the same were not used by defendants after October 30, 1925, and immediately and at the time of vacation gave notice to plaintiff that said premises were vacated, and defendants further say that the reasonable rental value of said premises at the time of such vacation and at all times thereafter was in excess of $666.67 per month; that the plaintiff herein did rent said premises during the unexpired term of said lease for the sum of $350 per month, and said plaintiff did at said time enter into a further contract with the present tenant who rented said premises for $350 per month for the unexpired term of said lease, whereby said present tenant agreed to and did rent said leased premises from the plaintiff after the expiration of the lease sued on herein at and for a sum of money in excess of $666.67 per month; that

plaintiff made a reduction in said rent for the term herein sued on to said present tenant for the purpose of inducing said present tenant to accept and lease said premises at the expiration of the lease sued on herein; that said plaintiff's present tenants in said premises offered to rent said premises of and from the defendants herein at and for the sum of $600 per month, and had plaintiff used care, reasonable effort and diligence, he could have acquired and received a sum of money in excess of $666.67 per month as rent for said premises; that the defendants herein are entitled to receive credit upon said rent sued on herein in the sum of $666.67 per month. Wherefore defendants demand judgment.

Appellee filed a demurrer to the third paragraph of answer, alleging that no facts constituting a fraud were alleged; that it did not allege facts showing any failure on the part of the plaintiff to perform the terms and conditions of the contract which were to be performed by him, and that appellee had a right to re-rent the premises upon such terms as he saw fit.

The demurrer was sustained, whereupon appellants withdrew their first and second paragraphs of answer, and refused to plead further. Judgment was rendered upon the complaint against appellants in the sum of $416.67 and costs.

Appellants rely for reversal upon the alleged error of the court in sustaining appellee's demurrer to appellants' third paragraph of answer.

Appellants contend that said answer charges fraud in the reletting of said garage building for $350 per month for the unexpired term of said lease, and also insist that the answer shows that appellee did not use due diligence in the leasing, but could have leased it for more than the amount of the rent as provided in said lease.

Appellee contends that said answer shows that, under

the terms of the contract, he relieved himself from liability of any charge of lack of diligence. And appellee further contends that said answer does not contain matters in confession and avoidance, but is a denial of one of the elements of appellee's case, viz.: due diligence in the reletting.

Under the law governing cases of this character, the burden of proof is on the appellee to prove due diligence in reletting in order to relieve the appellant of such liability as he could and save him harmless so far as he could by using due diligence and care in renting to a responsible party and for such an amount as he could reasonably obtain. See *Kirland* v. *Wolfe* (1878), 7 Ohio Dec. Reprint 436; *Woodbury* v. *Sparrell* (1907), 198 Mass. 1, 84 N. E. 441.

The court did not err in sustaining the demurrer to the answer, as all competent evidence under such paragraph of answer was admissible under the general denial.

Affirmed.