PAXTON REALTY CORPORATION v. PEAKER ET AL.

[No. 26,882. Filed June 23, 1937. Rehearing denied September 21, 1937.]

*Crumpacker & Freidrich,* for appellant.

*Oliver Starr,* for appellees.

HUGHES, J.—This is an action brought by the appellant, lessor, against the appellees, lessees, for breach of a written lease. The complaint was in two paragraphs. We will give the statement of appellant as to the facts stated in each paragraph, as the appellee does not contend that they are not correct.

The first paragraph was for $15,000.00 damages against the lessee for abandoning and repudiating the lease during the term. It alleges the following facts: On February 28, 1929, plaintiff, by a written lease, leased a storeroom in Hammond, Indiana, to defendant Harry Peaker to be used as a meat market for a term of five years beginning November 1, 1930 and ending October 31, 1935. A few days after the lease was executed, to wit: on March 4, 1929, the original lessee, Harry Peaker, assigned the lease to defendant Tittle Brothers Packing Company, which agreed to be bound by all of the covenants in the lease, and the assignor, Harry Peaker, guaranteed performance of all the covenants of the lease. The assignment was accepted by the lessor

and the assignee, Tittle Brothers Packing Company, entered into possession at the beginning of the term as lessee under the written lease. Tittle Brothers Packing Company continued in possession of said premises under the written lease until September 23, 1931, at which time said lessee notified plaintiff that it repudiated said lease and on said date said lessee removed from and abandoned the leased premises and terminated the lease. Plaintiff alleges that he performed all of his covenants under the lease, but that said defendant by its abandonment of the property terminated the lease to his damage in the sum of $15,000.00. The prayer is for judgment in this amount plus $2,500.00 attorney fees. The lease, which is a regular printed form, together with the endorsements thereon whereby the lease was assigned, is attached to the complaint as Exhibit "A."

The second paragraph of complaint is based on the same written lease and assignment thereof. It alleges that defendant, Tittle Brothers Packing Company, occupied the leased premises under said lease from the beginning of the term, November 1, 1930, until defendant repudiated the lease and vacated the premises in September, 1931; that during said period of occupancy defendant failed to pay all of the rent specified in the lease and owes a balance for that period of $660.00, a bill of particulars of which is attached to said second paragraph as Exhibit "B," and for this amount plus interest and attorney fees plaintiff asks.

Defendant, Tittle Brothers Packing Company, demurred to the first paragraph of complaint on the ground that the lease contained a cognovit clause, and was, therefore, void. Defendant, Harry Peaker, demurred to the first paragraph of complaint on the same grounds. Plaintiff resisted the demurrers on the ground that the alleged cognovit clause in the lease was simply a blank form which was not filled in, and was not exe-

cuted, and therefore it was not a cognovit clause under the authority of *Fodor* v. *Popp* (1931), 93 Ind. App. 429, 178 N. E. 695. The demurrers were overruled, to which the defendants separately excepted.

Thereupon defendant, Tittle Brothers Packing Company, answered in six paragraphs. The first paragraph is a general denial addressed to the first paragraph of complaint. The second paragraph is addressed to the first paragraph of complaint and it alleges that the lease contains a cognovit clause, and is, therefore, void (raising the same question as was raised by the demurrer). The third paragraph is addressed to the first paragraph of complaint. It makes no mention of the lease sued upon and does not allege any modification thereof, but on the contrary assumes that there was no written lease in existence (which is in accord with the theory of the second paragraph of answer that the written lease was void) and alleges that the defendant was occupying the premises under an oral month-to-month lease at a rental of $275.00 per month; that defendant afterwards moved out of the property, as it had a right to do under the oral lease, and paid plaintiff the rent under the oral lease up to the time it moved out, so that it owed plaintiff nothing. The fourth paragraph is a general denial addressed to the second paragraph of complaint. The fifth paragraph is addressed to the second paragraph of complaint and contains the same allegations as the second paragraph of answer, namely, that the lease contains a cognovit clause and is, therefore, void. The sixth paragraph is addressed to the second paragraph of complaint and contains the same allegations as the third paragraph, namely, defendants occupied under an oral month-to-month lease and paid their rent up to the time they moved out. By agreement of the parties defendant Harry Peaker joined in the several answers of defend-

ant Tittle Brothers Packing Company as his separate answer.

The plaintiff filed two paragraphs of reply, the first being a general denial, and the second amounting to nothing more than an argumentative general denial. After the issues were closed, the Paxton Realty Corporation was substituted as plaintiff in the place of William G. Paxton, the original plaintiff.

The court, at defendants' request, made special finding of facts and stated conclusions of law thereon. Judgment was rendered in favor of the defendants, appellees here. The evidence is not before us for consideration, as there is no bill of exceptions containing the same, and the appellant expressly waives any error relative to the refusal of a new trial and stands upon the issues made by the pleadings and the facts found, so far as applicable to the issues. This court is asked to remand the case with instructions to restate its conclusions of law in favor of the appellant for a definite amount of money.

The error assigned is that the court erred in each of its conclusions of law.

The special finding of facts was as follows: (1) The court finds that on the 28th day of February, 1929, William G. Paxton, the original plaintiff in this action, and the defendant Harry Peaker entered into the written lease of that date, set out in Paragraph I of the complaint herein, whereby the said defendant Harry Peaker rented and leased from the said William G. Paxton the store room known as 210 State Street, Hammond, Lake County, Indiana, for a term of five years beginning on the first day of November, 1930, and expiring on the 31st day of October, 1935. That the said defendant Harry Peaker agreed to pay as rent for the said premises the sum of Twenty-one Thousand Three Hundred ($21,300) Dollars, payable in monthly instalments as follows:

$335.00 per month for the 1st 12-months period.

$345.00 per month for the 2nd 12-months period.

$355.00 per month for the 3rd 12-months period.

$365.00 per month for the 4th 12-months period.

$375.00 per month for the 5th and last 12-months period.

The court sets out a copy of the lease.

(2) The court further finds that the said William G. Paxton transferred to plaintiff his interest in and to said real estate in the said Lease by a warranty deed of conveyance on December 2, 1930.

(3) The court further finds that on the 4th day of March, 1929, the said defendant, Harry Peaker, assigned in writing to the defendant Tittle Brothers Packing Company said lease and guaranteed to the plaintiff the performance by the said Tittle Brothers Packing Company of all the covenants to be performed by the lessee in said lease, and that on said day the defendant Tittle Brothers Packing Company accepted the said assignment in writing and agreed to be bound by the terms and conditions in said lease as set out therein; . . .

(4) The court further finds that on the 20th day of September, 1930, and while the said William G. Paxton was still the owner of the premises described in said lease, Frank J. Tittle, President of the Tittle Brothers Packing Company, informed said William G. Paxton that the said Tittle Brothers Packing Company was unable, on account of the business depression, to continue to pay the rent specified in said lease and that unless said rent was reduced that the said Tittle Brothers Packing Company would be compelled to vacate said premises and that in order to induce the defendant Tittle Brothers Packing Company to continue as lessee and to occupy said premises, the said William G. Paxton agreed to reduce the rental on said premises to the sum of Two Hundred and Seventy-five ($275.00) Dollars per

month and said defendant Tittle Brothers Packing Company agreed to continue to occupy said premises and to pay therefor the sum of $275.00 per month as rent. The court further finds that there was no time specified as to how long said rental should be $275.00 per month. And the court further finds that the said Tittle Brothers Packing Company paid said sum of $275.00 a month from the first day of October, 1930, to the said William G. Paxton, and to his successor up to and including the 30th day of September, 1931, which sums were accepted by the said William G. Paxton and his successor, the plaintiff in this action, in full payment of the rent on said premises from the said first day of October, 1930, to the 30th day of September, 1931.

(5) The court further finds that on the 23rd day of September, 1931, the said Tittle Brothers Packing Company abandoned said premises and returned the key therefor to the said William G. Paxton. The court further finds that after said defendant Tittle Brothers Packing Company abandoned said lease and surrendered the same that the plaintiff re-let said premises to the National Tea Company, who, since said date, has continuously occupied said premises as a tenant of said plaintiff.

(6) The court further finds that said premises when occupied by the defendant Tittle Brothers Packing Company was a ground floor store room known as 210 State Street, Hammond, Indiana, that the same faced on a street in Hammond, Indiana, known as State Street and had a frontage on said street of sixteen feet. That there was another store room in the building facing on said State Street where said store room was located immediately adjacent thereto and divided from said store room by a solid wall and occupied by the National Tea Company, with a frontage of approximately fifteen feet. That when the said plaintiff re-let said store room to the

National Tea Company, as hereinbefore found, it caused substantial and extensive alterations to be made in said store room in that the partition between the said two adjoining rooms was demolished and removed from the premises and its front altered and replaced and that the said two store rooms were made into one room and that the same, in said altered condition, was leased to the National Tea Company at and for the sum of two hundred dollars per month. The court further finds that said alterations herein found to be made were not made for the protection and preservation of the said premises but the same were beyond any necessity for its preservation and materially altered and changed said leased premises and were made without the consent or approval of the defendant, Tittle Brothers Packing Company and that they were made at the time said premises were re-let to the said National Tea Company by the said plaintiff as hereinbefore found.

The conclusions of law followed the special finding of facts and were as follows:

First—That the law is with the defendants.

Second—That by the alterations herein found to have been made by the plaintiff to said premises and the re-letting of the same and the acceptance of the keys therefor, as herein found, the said lease was cancelled at the date that said premises were re-let to the National Tea Company.

Third—That the oral agreement hereinabove found between said William G. Paxton and the said Tittle Brothers Packing Company, modifying said lease set out in plaintiff's complaint, by reducing the rent reserved to the sum of Two Hundred and Seventy-five Dollars per month for an indefinite period, in so far as the same was executed, was binding and effectual and that the said plaintiff should take nothing on either paragraph of its said complaint.

The record shows that on April 25, 1937, the special finding of facts was filed in open court properly signed by the judge; the record further discloses that at the request of the appellant special finding No. 5 was amended by adding thereto the following:

"On said date of said abandonment, the actual fair rental value of said leased premises in their then condition, for the period from October 1, 1931, to November 1, 1935, was fifty ($50.00) dollars per month."

The first question presented arises upon the above record. Is the amendment to special finding No. 5 properly in the record so that this court may properly consider it? If it is not, then there is nothing presented to this court under the first paragraph of the complaint as to any question of actual damages sustained by appellant. The amendment is not brought to this court by a bill of exceptions; it is not signed by the trial court, and there is no order of the court incorporating it in the record. Under such circumstances we are of the opinion that the amendment has no force and effect. In the case of *Mass. Ins. Co.* v. *Indiana State Bank* (1921), 76 Ind. App. 608, 132 N. E. 693, the court, in a well considered opinion, discusses the question presented in the instant case and holds that such an amendment of a special finding of facts as attempted in the instant case does not become a part thereof. The court said (p. 613):

"It is the settled law in this state that a special finding which has not been signed by the judge, or made a part of the record by a bill of exceptions, or filed and made a part of the record by order of the court, can only be regarded as a general finding. (Citing a long list of cases of the Supreme and Appellate Courts of Indiana.) As evidence of its genuineness on appeal a special finding of facts should be signed by the judge or incorporated in a bill of exceptions signed by him or filed and spread on

record by order of court. This practice is too well established to be overthrown now."

Citing a number of Indiana Supreme Court cases.

The case of *Smith* v. *Davidson* (1873), 45 Ind. 396, is also decisive of the question here presented. It was insisted by the appellant in that case that although the judge did not sign the special finding, still inasmuch as it was entered at full length in the order book as the finding of the court before the orders were signed, signing the orders was the equivalent to signing the finding as such. The court did not agree to this contention and held that a special finding of facts and conclusions of law must be signed by the judge or incorporated in a bill of exceptions and that entering it upon the order book with other entries which are signed by the judge is insufficient.

It is insisted by appellant that the court erred in its second conclusion of law wherein it decided against appellant on the first paragraph of complaint on the ground that the lease had been cancelled, and that the second conclusion of law is outside the issues. It is true that the first paragraph of complaint was for damages for breach of a written lease on the ground that during the term the defendants abandoneed the premises and repudiated the lease and it is also true that the defendants answered that the lease was void because it contained a cognovit clause and that the defendant occupied the premises not under the written lease, but under an oral month-to-month lease which defendant had fully performed. The demurrer to these answers was overruled and the defendants are not questioning the ruling on the demurrer.

In finding No. 4 the court found that Frank J. Tittle, president of the Packing Company, informed the lessor that the company was unable, on account of the business depression, to continue to pay the rent specified in

the lease and that unless the rent was reduced the company would be compelled to vacate the premises, that in order to induce the company to continue as lessee and to occupy said premises, the lessor agreed to reduce the rental to the sum of $275.00 per month and the company agreed to continue to occupy said premises at said rental. The court further found that there was no specified time as to how long said rental at $275.00 per month should continue. It was further found in said finding the company paid said sum of $275.00 per month from the first day of October, 1930, to the lessor and to his successor up to and including September 30, 1931, which sums were accepted by said lessor and his successor, in full payment of the rent on said premises from October 1, 1930, to September 30, 1931. In finding No. 5 it was found that on September 30, 1931, the company abandoned the premises and returned the keys thereto to the lessor and that thereafter the lessor re-let the premises to the National Tea Company who, since said date, has continuously occupied said premises as a tenant of the lessor.

In finding No. 6 the court found that after the premises were rented to the Tea Company the lessor made extensive repairs and improvements in the store room which were not made for the preservation of the store-room and were made without the consent or approval of the appellees.

A general denial was filed to each paragraph of the complaint. Conceding, as contended for by appellant, that the rescission of a contract is an affirmative defense, it must also be conceded that under a general denial, if there are no objections, evidence may be introduced as to the rescission of a contract. The evidence is not in the record and the presumption must be that the evidence of cancellation and surrender of the lease and the acceptance thereof by

the lessor was either given by the appellant in its own testimony or was given by the appellee without objection by the appellant. In either event the court would be justified in making the finding it did. Moreover, parties have the right to agree that all defenses may be admitted under an answer of general denial. It may be, for all this court knows, that such an agreement was made. As said in the case of *Goff* v. *Craig* (1912), 51 Ind. App. 461, 466, 99 N. E. 1013:

> "Parties to an action have a right to agree that all defenses may be admitted under the general denial. In case evidence tending to establish an affirmative defense is admitted without objection under the general denial, it will be presumed on appeal that there was an implied, if not an express agreement that evidence of such defense might be so introduced. . . . Where the evidence so introduced tends to support the verdict it will be considered for that purpose on appeal."

As heretofore stated, the evidence is not in the record and it may be, as far as we know, that the appellant's own evidence showed that the lease was cancelled and a surrender accepted as found by the court. In such event, although no affirmative defense was pleaded by the defendant, the finding made by the court is proper. 64 C. J. 474. In the absence of the evidence this court must presume that evidence of cancellation and surrender was either given by the defendant without objection or was given by the plaintiff.

In findings Nos. 5 and 6 the court found that the appellant accepted the keys to the premises and surrender of the lease and re-let the premises to the tea company. When a tenant surrenders the leased property and delivers possession to the lessor who accepts said surrender, the lessee is not liable for accruing rent after such acceptance. *Carp and Co.* v. *Meyer* (1929), 89 Ind. App. 490, 167 N. E. 151. And a surren-

492

der arises by operation of law when the parties to a lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have agreed to consider the surrender as made. *Powell* v. *Jones* (1912), 50 Ind. App. 493, 98 N. E. 646.

In finding No. 4 the court found that on September 20, 1930, by agreement the rent was reduced to $275.00 per month and the appellees paid said amount from October 1, 1930 up to and including September 30, 1931; that said sums were accepted by appellant in full payment of rent on said premises from October 1, 1930, to September 30, 1931. It was within the power of the parties to make such agreement. *Sargent* v. *Robertson* (1896), 17 Ind. App. 411, 46 N. E. 925; *Michigan City* v. *Leeds* (1899), 24 Ind. App. 271, 55 N. E. 479.

In our judgment, considering the state of the record, there is no reversible error shown and the judgment is affirmed.

Judgment affirmed.