CARPENTER ET UX *v.* WISNIEWSKI ET UX.

[No. 20,362. Filed April 25, 1966. Rehearing denied May 17, 1966. Transfer denied September 23, 1966.]

*John W. Niemiec, Roland Obenchain, Jr.,* and *Jones, Obenchain, Johnson, Ford & Pankow,* of South Bend, for appellants.

*George Sands* and *William A. Hosinski,* of South Bend, for appellees.

WICKENS, J.—The extent to which a landlord must go to re-let premises when a tenant vacates before the term has ended, is involved here.

Plaintiff-appellees owned a building which was leased to appellants for the operation of a drug store. The terms of the written lease provided:

"SEVENTH. If said party of the second part shall abandon or vacate said premises, the same shall be re-let by the party of the first part for such rent, and upon such terms as said first party may see fit; and if sufficient sum shall not be thus realized, after paying all expenses of such re-letting and collecting, to satisfy the rent hereby reserved, the party of the second part agrees, to satisfy and pay all deficiency."

Eight months before the lease expired appellants vacated the premises. This action was brought against appellants (as defendants) and there was a recovery for rent and attorney's fees. The trial was before the court and the judge entered special findings.

The issues below, and as presented here, involve law and facts which relate primarily to the court's special finding No. 5 which we set out:

"5. That said plaintiffs, on such abandonment of said premises by said defendants, using care, made reasonable and diligent efforts and endeavors to relet [re-let] said premises for a reasonable amount of rental and under reasonable terms and conditions; that such efforts and endeavors were unsuccessful, and that said premises had remained unrented and vacant since the 1st day of July, 1960 to the present time; that plaintiffs employed an attorney to bring and prosecute the above entitled cause to enforce the terms, conditions and stipulation of said lease; that said attorney did file, bring and prosecute said cause and tried the same, and that the reasonable value of the services of said attorney is the sum of $————."

Appellants argue that appellees had the burden of proof to establish due diligence in re-letting and they cite *Waffle* v. *Ireland* (1927), 86 Ind. App. 119, 122, 155 N. E. 513. Also it is claimed by appellants that the court erred in refusing to find specially on the issue of surrender of the lease by operation of law. It is finally contended that the court erred in assessing the amount of recovery in that the amount assessed is too large. Our discussion of these points will follow in the order presented above.

As a general statement of law, our court said in *Waffle* v. *Ireland, supra,* that the burden of proof was on the landlord to prove due diligence in re-letting. Appellants also assert that there is an absolute duty imposed on the landlord and that the words "the same shall be re-let," where they are used in the lease, are mandatory in character rather than permissive. Our thoughts on this subject are not in conflict with those generalities.

But here, other important language in the lease must be given some meaning. That contract also provided that the premises were to be occupied for retail drug business and no other purpose whatever. In the re-letting clause set out above it was provided that the landlords shall re-let *for such rent and upon such terms as said first party may see fit.* The lease included an express promise to pay the total sum of $16,800 as rent in monthly installments for a five year term. It prohibited use of the property for any purpose that would increase the rate of insurance. The tenants were prohibited from sub-letting without written permission of the landlords. We think all provisions must be read and considered together and the burden of proof finally resting on the landlords is to show that they used due diligence to obtain a new tenant in keeping with the provisions of the particular lease.

The landlords (appellees) argue that they were only required to re-let for use by a drug store. There is some merit to that assertion since the tenants under this lease could only use and occupy the premises "for retail drug business and drug store and no other purpose whatever." Construction other than that urged by appellees might permit the tenants to indirectly violate the provision quoted, by vacating the premises and offering to re-let it for some other purpose.

We are inclined to the views found outlined in 115 A. L. R., 206, 207, that where the lease contains a provision in case of abandonment by the tenant before the end of the term, there is a duty on the part of the lessor to endeavor to re-let the premises and to so mitigate the damages. But the landlord is not required to alter or increase his obligations, as by extending the length of the lease term to the new tenant or by renting for a different use than provided in the original lease where such lease is specific as to use. We hold, with the authorities in the above annotation, that

the lessor is required to use such diligence as would be exercised by a reasonably prudent man under similar circumstances. This is a question for the trier of the facts. Proof of such diligence is the burden cast on the landlord by the re-letting clause.

The evidence here, indicated that the landlords after the tenants vacated the premises, advertised through the newspapers and by a sign in the window of the building and also employed a realtor. They had inquiries which they said were for short terms and included "a cleaning outfit" which they considered to be a fire hazard. They were not approached by any prospective drug store operators. Appellee, Peter Wisniewski, testified that as a result of ads and the placing of a sign in the window, he had been unable to rent the store; that there was no one in there at the time of the trial; and that there had been no one in there after the property was vacated up to the time of the trial.

A doctor inquired of the landlords about the rental, having been directed by appellants. Appellees say that in the discussion they offered to rent the upstairs rooms to the doctor but told him that the building was not built for a doctor's office.

The doctor testified about his inquiry, and said a contractor informed him the cost of remodeling the building for his purposes was $3000 to $4000. But, he said, he had no discussion with appellees about remodeling. The rather vague proposition made by the doctor to rent the premises was that he would pay $100 per month and the previous tenants would pay the difference. How long it would be so rented and who would pay for remodeling the building are not made clear by the testimony.

Under the lease the rent was $285 per month. The highest offer from prospective tenants was $125 per month.

We find the testimony of plaintiff-appellee and his realtor sufficient to carry the burden of establishing that reasonable

efforts were made to rent the premises and that they met with no success. There is sufficient evidence to support the court's special finding No. 5.

Appellants also claim to have been entitled to a decision on the theory that the surrender of the premises was accepted by appellees and therefore appellants are exonerated from remaining rent payments by operation of law.

That doctrine as stated is:

". . . [A] surrender arises by operation of law when the parties to a lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have agreed to consider the surrender as made." *Paxton Realty Corp.* v. *Peaker* (1937), 212 Ind. 480, 491, 492, 9 N. E. 2d 96.

It is said by appellants that since appellee-landlords, after the surrender of the premises, listed the property for sale free and clear of existing tenancies, and advertised the property for rent without any restriction as to its use, term, or rental, they thereby acted inconsistent with the existence of a lease.

A review of the facts here is necessary to determine if the acts of the landlords were so inconsistent with the existing relation of landlord and tenant as to imply that there was an agreement to consider the surrender as made by acquiescence or agreement of the parties. No evidence was presented as to how the surrender of the premises took place. There is no testimony from which we can infer assent by appellees, nor from which we can assume the existence of any agreement by the parties. There is evidence that about a year before vacating the premises appellants put a sign on a lot two blocks away announcing "The new home of the Belleview Pharmacy." This has bearing on the relation of the parties.

The actions of appellees in trying to rent the premises and even trying to sell the real estate, we do not find to

be inconsistent with the then existing tie of landlord and tenant. Such actions did not take place until the premises were back on appellees' hands. To advertise while the store was still occupied might have constituted action inconsistent with the existing lease, we mention only as a contrast to what did happen here.

We find no authority in which similar acts or circumstances have been held to constitute surrender by operation of law. An Indiana case on that general subject is *Powell* v. *Jones* (1912), 50 Ind. App. 493, 497, 98 N. E. 646. The discussion there holds that when there is an express covenant to pay rent the mere breaking of the privity of the estate will not release the lessee.

Even where a lessee has assigned his interest and a sublessee has paid rent, to establish the acceptance by the landlord, that opinion says at p. 497 of 50 Ind. App.:

> " 'There must be an assent of the landlord to the assignment and the acceptance of the subtenant by the landlord with the intent to substitute him in the place of the original lessee.' . . . By merely collecting rent . . ., the landlord does not discharge the original lessee who is bound by an express promise."

Another point which appellants urge is that the court refused to make any special finding on the issue they tendered as to surrender by operation of law. Our foregoing discussion relates only to the general law and the established facts on that issue. However, as a procedural question, appellants did tender to the trial court four proposed special findings relating to surrender. Appellants insist that the failure of the court to make any special finding on the issue of surrender of lease by operation of law, and specifically the failure to find as facts their proposed findings Nos. 5, 6, 7, and 8 is reversible error. This, they say is tantamount to a finding against them despite uncontroverted proof. It is true that Rule 2-30 of the Rules of the Supreme Court provides that the failure of the court to find on

some material issue of fact where it was timely requested, permits the reviewing court to vacate the judgment. That rule also authorizes this court to affirm the judgment where it is supported by undisputed evidence.

Here the issues formed on plaintiffs' complaint and on the three paragraphs of defendants' special answer do not affirmatively set up surrender of the lease by operation of law. We know of no reason compelling a trial court to make special findings on each possible defense, particularly where such defense is not specially pleaded. If surrender of the lease was a proper defense under the issues, it was incumbent on defendants to establish it by the evidence. Where facts necessary to sustain the issues are not found by the trial court and the findings are silent as to such facts, they are regarded as not proved. *Miller, etc.* v. *Ortman, etc., et al.* (1956), 235 Ind. 641, 665, 136 N. E. 2d 17.

Appellants urge that the amount of recovery is too large. Their contention is that the evidence without contradiction shows appellees could have realized some income from the prospective tenants. As the trial court held, the evidence does show reasonable and diligent efforts and endeavors to re-let said premises for a reasonable amount of rental and under reasonable terms and conditions and that such efforts were unsuccessful. We are not at liberty to disturb the facts so found.

This court must accept ultimate facts as stated by the trial court if there is evidence to sustain them. *Miller, etc.* v. *Ortman, etc., et al., supra.*

For the reasons given above the decision of the trial court is hereby affirmed.

Prime, C.J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 215 N. E. 2d 882.