## No. 22559.

Florence Kessler Ruston, d/b/a Florence Kessler Schools and Florence Kessler Ruston, individually *v*. Centennial Real Estate and Investment Company, a corporation.

(445 P.2d 64)

Decided July 29, 1968.    Rehearing denied September 30, 1968.

Zarlengo, Zarlengo, Seavy & Mulligan, for plaintiff in error.

Mellman, Mellman and Thorn, for defendant in error.

*In Department.*

Opinion by Clifford H. Darrow.*

This case involves a landlord-tenant dispute pertaining to a written lease of business property.

The defendant in error will be referred to as the lessor, and the plaintiff in error as the lessee.

The lease was made in August 1961, covering portions of the Centennial Building, 1645 Court Place, in Denver, for a term of three years commencing September 1, 1961, at a rental of $14,000 for the term, payable at the rate of $400 a month. A deposit of $800 was made by the lessee for the first and last month's rent.

During August and September 1962, the leased premises became vacant and the lessor re-let the same at a rental of $200 a month for a six months' period (October 1962 through March 1963).

The lessor thereafter made repairs and alterations in the leased property at a cost of $1,901.58, and on April 1, 1963 the premises were then let to the Arthur Murray

---

*District judge sitting under assignment of the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

Dance Studios for a term of three years at a rental of $400 a month.

On June 10, 1966, upon trial to the court, judgment was rendered in favor of the lessor for the sum of $3,501.38 and interest, on its complaint, as amended, which was computed as follows:

| | |
|---|---:|
| Rent for August and September 1962 | $ 800.00 |
| Difference in rent for October 1962, through March 1963 (six months) | 1200.00 |
| | 2000.00 |
| Credit for last month of term (deposit) | 400.00 |
| | 1600.00 |
| Lessor's alterations and repairs to re-let | 1901.58 |
| Total judgment (exclusive of interest) | $3501.58 |

The court also entered judgment in favor of the lessee for $120 on her counterclaim, representing the cost of certain installations made by her in the leased premises.

Each party had demanded judgment in a greater amount.

In this court, the lessee has assigned error to the judgment in favor of the lessor; but she has not alleged error on her counterclaim. The lessor has not specified any cross-error on the judgment based on its complaint.

The lessee's contentions are that she assigned the lease with the lessor's approval and that she thereby became released of any further obligation; that in any event the lessor could not have recovered more than two months' rent because if there were an abandonment, it was accepted by the lessor which, by operation of law, terminated the lease; and that the loss to the lessor for remodeling and re-letting was not recoverable because the action taken by the lessor was premature and that the remodeling was not justified.

The lessor, however, denied that it accepted a surrender of possession from the lessee, or that it consented to an assignment of the lease. On the contrary, the lessor

alleged that it informed the lessee that if she did not pay the rent, the door would be padlocked and the lessor would immediately proceed with appropriate action under the terms of the lease.

The evidence was in sharp conflict and the trial court as the judge of the credibility of witnesses found the issues in favor of the lessor. Learned counsel for the lessee earnestly press the argument that the court should have determined the facts otherwise; and that instead of doing so, erroneously gave undue weight to the evidence adduced by the lessor and neglected to draw the proper inference from the lessor's failure to produce other evidence.

■■ First: We believe there is sufficient competent evidence in the record to support the findings of the court. We have repeatedly held that a determination of facts made by the trial court based upon such evidence is binding upon review. The decided cases, with unanimity, declare this to be a settled rule. There is no necessity to assemble them here.

■ Second: To support the lessee's points of contention previously outlined, her counsel have invoked decisional law which is not authority in the face of the controlling agreement that we have here. The written lease before us fully embraces the subject of the dispute, unequivocally stated the intention of the parties, and is the document under which the lessor acted to enforce its rights.

Paragraph 9 of the lease provides as follows: "If the tenant shall abandon or vacate said premises before the end of the term of this lease, the landlord may, at its option and without notice, enter said premises, remove any signs of the tenant therefrom, and re-let the same, or any part thereof, as it may see fit, without thereby avoiding or terminating this lease, and, for the purpose of such re-letting, the landlord is authorized to make any repairs, changes, alterations or additions in or to said demised premises, as may, in

the opinion of the landlord, be necessary or desirable for the purpose of such re-letting, and if a sufficient sum shall not be realized from such re-letting (after payment of all the costs and expenses of such repairs, changes or alterations, and the expense of such re-letting and the collection of rent accruing therefrom), each month to equal the monthly rental agreed to be paid by the tenant under the provisions of this lease, then the tenant agrees to pay such deficiency each month upon demand therefor."

██ Third: A lease, like other contracts, is to be reasonably interpreted according to the apparent intention of the parties. The foregoing paragraph 9 is self-sufficient. When the court found that the lessee had broken the lease; that the lessor had resorted to paragraph 9 as the remedy for the breach; and that the lessor's conduct was consistent with its terms, the court was not obliged to look farther to make a determination of the lessor's rights under the lease. *Denver Plastics v. Snyder,* 160 Colo. 232, 416 P.2d 370.

The trial court resolved the dispute in favor of the lessor. Under the rule formerly announced, we should not interfere with that resolution of the controversy.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.