CONDOR CORPORATION, a Minnesota Corporation, Appellee,

v.

ARLEN REALTY AND DEVELOPMENT CORPORATION, a corporation, and Atlantic Department Stores, Inc., a corporation, Appellants.

No. 75–1512.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1976.

Decided Feb. 10, 1976.

Vance B. Grannis, Jr., South St. Paul, Minn., filed typewritten brief for appellants.

Frank J. Walz and James A. Rubenstein, Minneapolis, Minn., filed typewritten brief for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

This appeal in a diversity case involving a landlord's claim for rent due from the tenants following their abandonment of leased premises raises three issues: (1) Whether the trial court applied the proper standard in determining that the landlord breached its duty to mitigate damages; (2) whether there was sufficient evidence to support the court's determination that the landlord discharged its duty to use reasonable efforts to mitigate the damages caused by the tenants' breach of the lease; and (3) whether the court erred in awarding prejudgment interest on the unpaid rents. We affirm.

Appellee landlord brought this action against appellants (lessee and sublessee) for rent due and other items, utility charges, etc., allegedly due on account of appellants' abandonment of the premises and resultant breach of the lease. The

case was tried to the court[1] sitting without a jury. After trial on the merits, the court ordered judgment in favor of appellee against appellants in the sum of $99,900 and costs.

In this appeal appellants do not contest the amounts due under the lease other than by way of their claim for setoff on account of the landlord's alleged failure to fulfill its duty to use reasonable efforts to mitigate damages. Specifically, appellants claim that the proper standard to be applied in determining whether the landlord breached its duty to mitigate damages is that of a reasonable landlord. under the same or similar circumstances, whereas the court applied the test of whether appellee used reasonable efforts, without regard to whether a reasonable landlord would have acted differently. We find appellants' contention devoid of merit.

█ The trial court properly concluded that appellee by retaking possession had a duty to use reasonable efforts to mitigate the damages caused by appellants' breach of the lease, *Gruman v. Investors Diversified Services*, 247 Minn. 502, 78 N.W.2d 377 (1956); further, that the question of whether appellee fulfilled its duty of reasonable efforts is to be determined from all of the facts and circumstances of the case, including the terms of the lease, the nature of the property involved, and the nature and extent of appellee's efforts to find a tenant or tenants. *Carpenter v. Wisniewski*, 139 Ind.App. 325, 215 N.E.2d 882 (1966); *Dushoff v. Phoenix Co.*, 22 Ariz.App. 445, 528 P.2d 637 (1974).

█ The trial court made detailed findings with respect to appellee's ef-

forts to mitigate its damages. No useful purpose would be set out by repeating them here. Suffice to say we are abundantly satisfied that the court's findings are not clearly erroneous. The court's conclusion that appellee discharged its duty to use reasonable efforts to mitigate damages is amply supported by the record.

The trial court awarded appellee $2,114.20 in prejudgment interest on the unpaid rents. Appellants allege that under Minnesota law where the claim is unliquidated, prejudgment interest may only be awarded if the claim is ascertainable by computation and the claim does not depend upon any contingency, citing *Moosbrugger v. McGraw-Edison Co.*, 284 Minn. 143, 170 N.W.2d 72, 82 (1969). Here, since appellee had a duty to mitigate damages, appellants allege they had no way of ascertaining the amount they owed prior to judgment.

█ Appellee argues that its claim was a sum certain and the fact that it was subject to appellants' defenses does not affect appellee's right to prejudgment interest. The Supreme Court of Minnesota in *Spurck v. Civil Service Board*, 231 Minn. 183, 42 N.W.2d 720, 728 (1950), held that where the amount due under a contract is certain but is or may be reduced by an unliquidated setoff, interest is allowable on the balance found to be due from the time it became due under the contract. *See also Bang v. International Sisal Co.*, 212 Minn. 135, 4 N.W.2d 113 (1942). It is our view that these cases control and the allowance of interest was proper.

Affirmed.

1. The Honorable Edward J. Devitt, Chief Judge, District of Minnesota, presiding.